IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WELL TAYLOR, JONATHAN SERIANNI, JOSEPH CAVALLINI and RICHARD HAWKEY, Individually and On Behalf of All Similarly Situated Persons,<br>    Plaintiffs, | § | |
| V. | § | CIVIL ACTION NO. 4:14-cv-01730 |
| AMSPEC, L.L.C., f/k/a AMSPEC SERVICES, L.L.C.<br>    Defendant. | §  § | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and as a collective action to recover unpaid minimum wage and/or overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Well Taylor, Jonathan Serianni, Joseph Cavallini, Richard Hawkey and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

### Parties

1.    Plaintiffs Well Taylor, Jonathan Serianni, Joseph Cavallini and Richard Hawkey, former employees of Defendant, were personally engaged in interstate commerce while they were employed by the Defendant, and are represented by the undersigned.

2.    Defendant, Amspec, L.L.C., f/k/a Amspec Services, L.L.C. ("Amspec") is a New Jersey limited liability company and is an "employer" as that term is defined by the FLSA. With respect to Plaintiffs and Members of the Class, Amspec is subject to the provisions of the FLSA. Amspec was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in

excess of $500,000.00. Amspec may be served through its registered agent, Corporation Service Company d/b/a CSC – Lawyers Inco at 211 E. 7th Street Suite 620, Austin, Texas 78701.

## Jurisdiction and Venue

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Factual Allegations

4. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on the interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, operating in numerous states, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. In addition, Plaintiffs regularly sampled, measured, and tested goods that were moved through interstate commerce. Specifically, Plaintiffs traveled on interstate highways in the performance of their duties, used interstate communications and traveled to other states in the performance of their duties. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

5. Defendant Amspec is a New Jersey limited liability company, duly organized and existed under the laws of the state of New Jersey.

6. At all times relevant hereto, Defendant's corporate decisions – including its decision to utilize its "Fluctuating Workweek" pay policy, at issue herein – emanated from its corporate headquarters in Linden, New Jersey.

7. At all times material hereto, Plaintiffs were "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

8. Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9. Specifically, at all times relevant hereto, the Defendant simultaneously operated its business in numerous states.

10. At all times hereto, Defendant was, and continues to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,00.00 per annum during the relevant time periods.

12. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

13. Plaintiffs worked for Defendant as petroleum inspectors doing quality inspection of ships, barges and pipeline transfers of petroleum, petrochemical and chemical products. Plaintiffs physically sampled, measured and took temperature of vessel's tanks utilizing a variety of methods dictated by Defendant and American Petroleum Institute procedures. Plaintiffs regularly and daily inspected, sampled and tested petroleum, petrochemicals and chemical products that had moved, were moving, or were about to move either to another state or another country.

14. While employed by the Defendant, the Plaintiffs were subjected to Defendant's illegal "Fluctuating Workweek" methodology, whereby the Defendant's failed to pay its OGC Inspectors adequate overtime pay pursuant to the FLSA.

15. At all relevant times, the Defendant had a nationwide and company-wide policy and practice of refusing to pay proper overtime compensation to their employees for their hours worked in excess of forty hours per week.

16. Instead, Defendant paid all of its OGC Inspector employees utilizing its "Fluctuating Workweek" methodology.

17. On or about February 27, 2007, a pay policy such as the one at issue herein was held to non-compliant with the FLSA. *Ayers v. SGS Control Services. Inc.,* 2007 WL 646326 (S.D.N.Y. Feb. 26, 2007) (Defendant not entitled to utilize fluctuating workweek because OGC Inspectors were not paid a "fixed salary".

18. Notwithstanding Defendant's actual knowledge of the aforementioned *Ayers* decision, Defendant has continued to utilize its "Fluctuating Workweek" pay policy to date.

19. On or about January 12, 2010, a pay policy such as the one at issue herein was held to be non-compliant with the FLSA. *Adeva v. Intertek USA, Inc.,* 2010 WL 97991 (D.N.J. Jan. 12, 2010) (finding the pay policy at issue to be violative of FLSA).

20. Notwithstanding Defendant's actual knowledge of the aforementioned *Adeva* decision, Defendant has continued to utilize its "Fluctuating Workweek" pay policy to date.

21. On or about April 22, 2010, a pay policy such as the one at issue herein was held to be non compliant with the FLSA. *Brumley v. Camin Cargo Control, Inc.,* 2010 WL 1644066 (D.N.J. Apr. 12, 2010) (finding the pay policy at issue to be violative of the FLSA).

22. Notwithstanding Defendant's actual knowledge of the aforementioned *Brumley* decision, Defendant has continued to utilize its "Fluctuating Workweek" pay policy to date.

23. No court has ever held Defendant's "Fluctuating Workweek" pay policy to be compliant with the FLSA.

24. Plaintiff Well Taylor worked for Defendant from September, 2012 until May 16, 2014.

25. Plaintiff Jonathan Serianni worked for Defendant from December, 2013 until May, 2014.

26. Plaintiff Joseph Cavallini worked for Defendant from September, 2012 until June, 2014.

27. Plaintiff Richard Hawkey worked for Defendant from August, 2013 until April, 2014.

28. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

29. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

30. Defendant's actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

### **Plaintiffs' Individual Allegations**

31. As non-exempt employees, Plaintiffs were entitled to be paid one and one-half times their normal hourly rate for all work performed during the hours worked over forty (40) hours in each workweek. Defendant failed to pay the Plaintiffs the required overtime pay in every workweek that the Plaintiffs worked over forty hours (which was most weeks).

32. No exemption excuses the Defendant from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA. As stated in previous paragraphs, the Defendant has known for years that its method of paying Plaintiffs and Members of the Class is improper. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a

clear violation of the FLSA.

## Collective Action Allegations

33.     Like Plaintiffs, the Collective Action Members/Class were subjected to Defendant's illegal "Fluctuating Workweek" methodology, whereby the Defendant failed to pay its OGC Inspectors adequate overtime pay pursuant to the FLSA.

34.     Throughout the Collective Action Period, the Collective Action Members/Class in OGC Inspector positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent discretion and judgment. Such similarly situated OGC Inspectors do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

35.     Such individuals have worked in excess of 40 hours a week, within the last three (3) years, yet the Defendant has likewise willfully failed to pay them overtime compensation of one and one-half their regular hourly rate, in violation of the FLSA.

36.     The exact number of such individuals is presently unknown but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

37.      Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendant employed Plaintiffs and the Collective Action Member/The Class, the Defendant failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

38.      A number of members of the Class have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendant have been imposed on the

Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendant makes a regular practice of improperly paying other OGC Inspectors on the basis of an illegal fluctuating workweek plan.

39. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs performing the same work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

40. The Defendant's failure to pay its employees as required by the FLSA results from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiffs' experiences are typical of the experiences of the Members of the Class.

41. No justification or exemption excuses the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

42. Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute FLSA claims as collective action on behalf of all Oil, Gas and Chemical Inspectors ("OGC Inspectors") who are or were formerly employed by Defendant in the United States at any time since June 20, 2011 until the entry of judgment in this case (the "Collective Action Period"), who received inadequate overtime compensation at rates less than one and one-half times their regular pay rate for all hours worked in excess of forty per week (the "Collective Action Members"), as a result of Defendant's illegal "Fluctuating Workweek."

43. This collective action class is so numerous that joinder of all members is impracticable.

44. Although precise number of such persons is unknown, and the facts on which the calculation of that number is presently within the sole control of the Defendant, upon information and belief, there are approximately 500 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

45. Plaintiffs will fairly and adequately protect the interest of the Collective Action Members and has retained counsel that is experienced and competent in the field of FLSA litigation.

46. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

47. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

48. Inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrong done to them.

49. There will not be difficulty in the management of this action as a collective action.

50. All of Defendant's OGC Inspector employees who worked over 40 hours in one or more workweeks during the Collective Action Period, but whom were paid under its "Fluctuating Workweek" pay policy were subject to the same pay policy as Plaintiffs.

51. Questions of law and fact common to the members of the collective the collective action predominate over questions that may affect only individual members, because Defendant has acted on grounds generally applicable to all members.

52. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. whether the Defendant employed the Collective Action Members within the meaning of the FLSA;

b. whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and Collective Action Members;

c. whether the Defendant failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by FLSA in any area where Plaintiffs were employed, in violation of 29 C.F.R. § 516.4;

d. whether the Defendant failed to pay the Collective Action Members appropriate overtime compensation for hours worked in excess of forty hours per workweek, due to its flawed policy of paying "Fluctuating Workweek" in violation of the FLSA and the regulations promulgated thereunder;

e. whether de Defendant's violation(s) of the FLSA are willful as that term used within the context of the FLSA.

f. whether the Defendant is liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursement and attorney's fees.

g. whether the Defendant should be enjoined from such violations of the FLSA in the future; and

h. whether Plaintiffs and Collective Action Members are entitled to declaratory relief.

53. As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, for overtime at a rate of at least one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ *et. seq*., including 29 U.S.C. §§ 207 (a)(1) and 215(a).

54. As a result of the Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action Members, the Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 211(c) and 215 (a).

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Due to the Defendant's willful FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from the Defendant their unpaid wages, overtime compensation, and additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorney's fees, and costs and disbursement of this action, pursuant 29 U.S.C. § 216(b).

57. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> All persons employed by Amspec, L.L.C. and/or Amspec Services, L.L.C. as Oil, Gas and Chemical Inspectors and who were paid on a fluctuating workweek basis during the three-year period preceding the filing of this Complaint.

## **Demand for Jury**

58. Plaintiffs demand a trial by jury.

## **Prayer for Relief**

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all Oil, Gas and Chemical Inspectors employed by Amspec, L.L.C. and/or Amspec Services, L.L.C. who were paid on a fluctuating workweek basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiffs' and the Members of

the Class's unpaid overtime wages at the applicable rate;
3. Judgment against Defendant that its violations of the FLSA were willful;
4. An equal amount to the overtime wage damages as liquidated damages;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas 77008
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**