## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement" or "Settlement Agreement") is made and entered into by and between **Andrew Storms** on his own behalf and on behalf of his respective past and present heirs, successors, assigns, representatives, legal representatives, agents, trustees, executors and administrators (the "Plaintiff") on the one hand, and **AmSpec, L.L.C.** f/k/a AmSpec Services, L.L.C. (the "Defendant") on the other hand.  Plaintiff and Defendant are collectively referred to herein as the Parties.

**WHEREAS,** on or about June 20, 2014, a collective action complaint was filed on behalf of four individuals and on behalf of all others similarly situated in the United States District Court for the Southern District of Texas, Houston Division, in an action titled WELL TAYLOR et al. v. AMSPEC, L.L.C. f/k/a AMSPEC SERVICES, L.L.C., bearing Civil Action Number 4:14-cv-1730 (hereinafter referred to as the "Action");

**WHEREAS,** on or about July 1, 2014, an amended collective action complaint (the "Complaint") was filed in the same Action on behalf of certain individuals and on behalf of all others similarly situated in the Action;

**WHEREAS,** on or about June 10, 2015, Andrew Storms filed a Consent to Become a Party Plaintiff in the Action;

**WHEREAS,** the Complaint alleges, *inter alia*, that Plaintiff, and all others similarly situated, were not paid the correct wages and overtime rates in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

**WHEREAS,** Defendant denies and contests each of the allegations asserted in the Action;

**WHEREAS**, the Parties desire to settle fully, permanently and finally all differences, actual or potential claims between them, including but not limited to any event related to, arising out of, or in connection with the Action and the Complaint against Defendant, and any event related to or arising out of Plaintiff's employment relationship with Defendant, or arising out of any other putative relationship that he may have or may have had with Defendant, up to the date of the execution of this Agreement, and to terminate any and all claims that have been or may have been made in any forum against Defendant or its parents, subsidiaries or affiliated companies and/or facilities, officers, employees, agents, directors, attorneys, insurers, and representatives of Defendant, individually, which settlement shall constitute the good faith settlement of all claims and causes of action that may exist in favor of Plaintiff against Defendant, except as expressly stated in this Agreement;

**WHEREAS**, Plaintiff Andrew Storms is one of 13 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action and all 13 Plaintiffs desire to settle this Action and are considering Settlement Agreements and General Releases to effectuate the termination of their claims against Defendant;

**WHEREAS**, the Parties have negotiated with the aid of their respective counsel and now wish to resolve each of their respective claims and defenses and settle all claims, including but not limited to the Action and the Complaint, consistent with the terms of this Agreement as set forth below; and

**NOW, THEREFORE**, in consideration of the mutual agreements and releases set forth herein and for additional good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge and intending to be legally bound, the Parties hereby agree as follows:

1.   **Consideration.** Subject to the condition that Plaintiff does not revoke his execution of this Agreement during the Seven-Day Revocation Period, as defined in Paragraph 6, and in exchange for Plaintiff's agreement to all of the terms, conditions and promises in this Agreement, including without limitation Plaintiff's general release of any and all claims against Defendant and dismissal with prejudice of the Action, Defendant agrees to pay the sum of ████████████████████████████████████████████████████████ ████████████ ($████████), which shall be referred to herein as the Settlement Payment, which shall be disbursed as set forth below, and which is consideration to which the Plaintiff is not otherwise entitled.   The payment of the Settlement Payment by Defendant pursuant to this Agreement shall settle, among other things, all pending issues in the Action and the Complaint between the Parties, including, but not limited to, claims for attorneys' fees and costs as to the Plaintiff.   In consideration for the settlement and release of any and all claims against Defendant and absent a timely revocation of this Agreement by the Plaintiff in accordance with Paragraph 7 below, Defendant shall pay the Settlement Payment within 10 calendar days after Genova Burns LLC receives all of the following items: (i) one fully executed and notarized Agreement, signed by Plaintiff, without modifications, omissions or deletions; (ii) an executed IRS Form W-4 and an executed IRS Form W-9 for the Plaintiff; (iii) fully executed and notarized Settlement Agreements for the other 12 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action, without modifications or deletions; and (iv) an Order entered by the Court approving the terms and conditions of all 13 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A. Defendant shall pay and distribute the Settlement Payment in the following manner: **Andrew Storms** shall receive a total payment of ████████████████████████████████████████

3

████████████████████████████████████ ($████████), which shall be payable by two checks as follows:  one check in the amount of ████████████████████████████ ████████████████████████████████ ($███████) as wages, from which appropriate taxes and withholdings will be taken and for which an IRS Form W-2 will be issued, and a second check in the amount of ████████████████████████████████ ████████████████████████████████ ($███████) as liquidated damages for which an IRS Form 1099 will be issued. The Settlement Payment paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled resulting from any claim released herein.

2.    **No Other Payments.** With respect to the settlement of the Action and the Complaint and Plaintiff's claims, Plaintiff acknowledges and agrees that he is entitled to no payments from Defendant other than those set forth herein.  Plaintiff shall not seek, request or claim entitlement to any payments from Defendant other than those set forth herein.

3.    **No Admission.** This Agreement is not, and shall not in any way be construed as, an admission by Defendant or any of its subsidiaries, directors, officers, agents, officials, attorneys, employees, insurers or representatives, of any violation of any federal or state constitutional prohibition or any federal or state or local law, ordinance or regulation, or any express or implied contract of employment, or any breach of the public policy of the State of Texas, or in violation of any other legal duty owed to Plaintiff, but instead constitutes the good faith settlement of any and all of Plaintiff's claims against Defendant, including but not limited to

the Action. No findings of any kind have been made or issued by any court and none of the parties purports to be the prevailing party in any threatened or pending litigation or in any administrative proceeding.  This Agreement, and the discussions and negotiations leading to its consummation, shall not be introduced as evidence or referred to in any proceeding involving the Parties, other than a subsequent proceeding concerning an alleged breach of this Agreement.

4.    **General Releases.** In consideration for the Settlement Payment by Defendant to Plaintiff as set forth in Paragraph 1, Plaintiff hereby irrevocably and unconditionally waives, releases, and forever discharges Defendant and each of its agents, officials, directors, officers, employees, representatives, attorneys, divisions, parents, subsidiaries, departments, affiliates, and their predecessors, successors, heirs, executors, administrators and assigns, and their insurers including all persons acting by, through, under or in concert with any of them (individually and collectively referred to as "Releasees" for the purposes of this Paragraph 4), from. any and all actions, causes of action, suits, debts, contracts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses (including attorneys' fees and costs actually incurred), and including any and all claims for wages, overtime and premium pay, tips, commissions, benefits, accrued vacation time, accrued sick time or any other claims whatsoever, arising out of his employment relationship, if any, with Defendant, or arising out of any other putative relationship that he may have had with the Defendant, and this Release includes, but is not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Civil Rights Acts of 1866 and 1871, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., the Older Workers Benefit Protection Act, 29 U.S.C. §621 et seq., the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. as

amended, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), the Employee

Retirement Income Security Act, 29 U.S.C. §1001 et seq., the Equal Pay Act, 29 U.S.C. §206

et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, et seq., the

National Labor Relations Act, 29 U.S.C. §151 et seq., Sections 1981 through 1988 of Title 42

of the United States Code, the Immigration Reform and Control Act, 8 U.S.C. §1324a et seq.,

the Occupational Safety and Health Act, 29 U.S.C.A. §651 et seq., the Consolidated Omnibus

Budget Reconciliation Act, 29 U.S.C. §1161 et seq. and the Family and Medical Leave Act,

29 U.S.C. § 2601 et seq., any and all state, local or federal claims, obligations, demands,

actions, rights, causes of action and liabilities for alleged unpaid wages, overtime

compensation, liquidated or other damages, unpaid costs, penalties (including late payment

penalties), premium pay, and interest, including but not limited to any and all claims under the

Texas Labor Code, Tex. Lab. Code §§ 1.001 et. seq. (including but not limited to the Texas

Payday Act, the Texas Anti-Retaliation Act, Chapter 21 of the Texas Labor Code and the

Texas Whistleblower Act), and the Texas Commission on Human Rights Act, Tex. Lab. Code

§ 21.001, et. seq., any contract of employment, express or implied; any provision of the U.S.

or Texas Constitutions; any provision of any other law, common or statutory, of the United

States, the State of Texas or any other state; any and all claims for attorneys' fees, costs and

expenses, and all claims under any other federal, state, or local law, whether arising or emanating

from statute, executive order, rule, regulation, code, common law, or other source, including, but

not limited to, all actions sounding in tort, contract, and equity (including, restitution, unjust

enrichment and *quantum meruit*), and including those claims that were asserted or could have

been asserted in this Action or in the Complaint, any claims that monies received from this

Agreement are compensation for purposes and retirement or other employee benefit plans of

Defendant, and all claims relating to, arising out of, or in any way connected with the Plaintiff's former employment with Defendant, and the compensation or benefits payable in connection with that employment;  (individually and collectively referred to as "Claims" for the purposes of this Paragraph 4), which Plaintiff had, now has, or he or his heirs, executors and administrators hereafter may have, whether known or unknown, against each or any of the Releasees, from the beginning of time to the date of this Agreement. Nothing in this Agreement is intended to diminish or enhance any vested benefits that Plaintiff may have under any retirement plan sponsored by Defendant.  Expressly excluded from these General Release provisions are claims or rights under applicable Texas workers' compensation laws, and claims arising out of the enforcement of this Agreement.

5.     **No Pending Claims Against Defendant; Covenant Not to Sue.**  Plaintiff represents and agrees that neither he nor anyone acting on his behalf has filed or in any manner initiated any lawsuit, administrative complaint, grievance or arbitration in any court, administrative agency or other forum in which any claim of any nature, in whole or in part, is asserted against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement.  Plaintiff agrees that he will not opt in (and will opt out) of any collective action or class action which may be brought by or on behalf of any other person against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement which collective or class action relates in any manner to events occurring prior to the Effective Date of this Agreement and/or which are based, in whole or in part, upon claims or causes of action which are the subject of the General Release of claims set forth in Paragraph 4 of this Agreement.  If any administrative agency proceeding is initiated against Defendant by Plaintiff, Plaintiff will defend, indemnify and hold Defendant, and each of the Releasees identified in Paragraph 4 of

this Agreement, harmless from any and all damages, costs and attorneys' fees incurred by, or assessed against, Defendant and Releasees which are attributable to, or are the result of, claims or recoveries on Plaintiff's behalf.  Plaintiff agrees not to institute any lawsuit, and not to assert any claims, charges or other legal proceedings against Defendant or the Releasees identified in Paragraph 4 of this Agreement, in any court, administrative agency or other forum, based upon any act, event or omission, whether known or unknown, occurring prior to the Effective Date of this Agreement.  Nothing in this Agreement shall prohibit or interfere with Plaintiff's right to bring any action to enforce the terms of this Agreement or to file a Charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.  Plaintiff will not be entitled to recover and he agrees to waive any monetary benefits or recovery against Defendant in connection with any such claim, charge or proceeding of any kind without regard to which entity or person has brought such claim charge or proceeding.

6.      **Review and Revocation Periods.**      Plaintiff has 21 days from receipt of an unsigned version of this Agreement in which to decide whether to sign the Agreement.  If Plaintiff signs this Agreement during this twenty-one (21) day period, he will be explicitly waiving his twenty-one (21) day waiting period.  By signing below, Plaintiff acknowledges and represents that he has reviewed the terms of this Agreement, has had the opportunity to confer with counsel, or any other advisors of their own choosing and unrelated to Defendant regarding the terms of the Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following, have done so, and are waiving their right to the full 21-day review period by signing sooner in order to receive the Settlement Payment sooner.  Plaintiff, effective as of the Effective Date, enters into this Agreement freely, knowingly, voluntarily, without duress,

coercion, or undue influence, and with a full understanding of its terms, and acknowledge that he is fully competent to enter into this Agreement.  Plaintiff may revoke this Agreement after signing it, by delivering written notice of revocation to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, 494 Broad Street, Newark, New Jersey 07102.  To be effective, such notice of revocation must be mailed by Plaintiff to counsel for Defendant at the address above, by no later than seven calendar days after the date of the Effective Date (the "Seven-Day Revocation Period"); to be effective, if Plaintiff intends to exercise his right to revoke, he must also fax such notice to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, at: (973) 533-1112 within the Seven-Day Revocation Period.  Upon effective revocation by the Plaintiff, at the sole option of Defendant, this Agreement shall be null and void in its entirety.  Immediately upon the expiration of the Seven-Day Revocation Period, absent an effective revocation by the Plaintiff, this Agreement shall be effective and irrevocable.

7.  **No Representations or Warranties Regarding Taxes.** Defendant makes no representations or warranties regarding any tax issues relating to the payments provided for in Paragraph 1 above, and Plaintiff acknowledges that he has not relied upon any advice from Defendant or its agents, employees or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise.

   a.  In the event that taxes are assessed against Andrew Storms as a result of the payments made hereunder to Andrew Storms and/or his counsel, Andrew Storms shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and agrees to indemnify Defendant, individually, and its subsidiaries, agents, representatives, attorneys, predecessors, successors, heirs, executors, administrators and assigns, for the payment of such taxes, interest and/or penalties as may be assessed against them.

8.  **Medicare Compliance.** Plaintiff warrants that he is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been

made by Medicare.   Plaintiff will indemnify, defend and hold Defendant and Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.   The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b).   The Parties resolved this matter in compliance with both state and federal law.   The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

9.        **Cooperation to Implement Agreement.** The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.   The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein, including but not limited to the prompt signing and immediate filing of the Stipulation of Dismissal With Prejudice attached hereto as Exhibit A upon the complete execution of this Agreement, the expiration of the Plaintiff's Seven-Day Revocation Period without any effective notice of revocation to Defendant, the delivery of the payments contemplated by Paragraph 1 of this Agreement, and the complete execution of the Settlement Agreements by the other 12 claimants in this Action and the expiration of their respective Seven-Day Revocation Periods.   In the event that Plaintiff refuses to execute the Agreement, Defendant retains the option of settling with any or all of the other 12 claimants in this Action.

10.        **Governing Law; Exclusive Jurisdiction.** This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas, without regard

to its conflicts of law provisions.  Plaintiff and Defendant further agree that all disputes arising out of or relating to this Agreement or its breach shall be resolved exclusively in the United States District Court for the Southern District of Texas, Houston Division, and hereby submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division.  Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction and cannot be modified to be enforceable, excluding general release of claims language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the General Release of claims language in Paragraph 4 above is found by a court of competent jurisdiction to be unenforceable, Plaintiff and Defendant agree that Defendant may rewrite this Agreement to cure the defect, and Plaintiff and Defendant shall execute the rewritten agreement upon request of either party without any additional monies, benefits and/or compensation in exchange therefor. The Parties hereby stipulate that the United States District Court for the Southern District of Texas, Houston Division shall retain jurisdiction to enforce the terms of the Agreement, or in the event any action is commenced concerning enforcement of the provisions of this Agreement.

11.     **Construction.** The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Agreement.

12.     **Non-Disclosure and Confidentiality.** Plaintiff agrees not to disclose and shall not disclose the existence or terms of this Agreement to anyone, including without limitation any of the other 12 Plaintiffs or Opt-In Plaintiffs who have asserted claims in this

Action, provided, however, that this does not preclude disclosure to Plaintiff's spouse(s), counsel(s), financial advisor(s), or governmental agencies acting within the scope of their investigative authority, as contemplated herein; and will instruct his immediate family, counsel, and financial advisors (if any) to whom he has disclosed or may disclose the terms hereof not to disclose the terms and conditions hereof to anyone except where failure to disclose would constitute a violation of law or contempt of court. In the event that disclosure is sought by way of a request or demand for a judicial order, Plaintiff shall give Defendant prompt written notice thereof within two business days, and they may resist by all legitimate means any attempt, of any kind whatsoever, to compel disclosure or otherwise breach the confidentiality of the existence or terms of this Agreement. No other disclosure as to the existence or terms of this Agreement may be made without the prior written consent of Defendant. In response to any inquiries concerning the status of the Action, Plaintiff may state only that "the matter has been resolved."

Plaintiff acknowledges that his agreement to maintain confidentiality as required under this Paragraph constitutes a material inducement for Defendant to provide the consideration described in Paragraph 1 above. Plaintiff acknowledges that if it is determined by a court of competent jurisdiction that there is a breach of this confidentiality provision by Plaintiff, Defendant may also apply for legal and equitable relief including, but not limited to, the return of the monetary sum or sums paid to the Plaintiff, and all of the other provisions of this Agreement shall remain in full force and effect.

13. **Effect of Breach.** Plaintiff and Defendant further agree that, without limiting Defendant's remedies, any violation or breach of this Agreement by Plaintiff shall immediately

give rise to an action by Defendant for breach of contract, but shall not release Plaintiff from the performance of his obligations pursuant to this Agreement.

14.     **No Publicity; Non-Disparagement.** Plaintiff and Plaintiff's Counsel agree that they shall not issue, author, or make or cause to be issued, to or in any media or third person, including any Internet website, any communication referring directly or indirectly to this Action or the Complaint, the resolution thereof, or the terms and conditions of the resolution of this Action, or any defamatory, critical, or disparaging remarks, comments, or statements about or against Defendant, any of the Releasees,  Defendant's products or services, Defendant's present and former directors, present and former officers, present and former agents, present and former managers, present and former attorneys, present and former employees, present and former representatives, and its and their successors or assigns.  The Parties expressly acknowledge that this non-disparagement clause is a material term of this Agreement, without which the Parties would not enter into this Agreement.  This paragraph is not intended to apply to communications with a federal, state or local government authority pursuant to a lawfully issued subpoena or other valid legal process.

15.     **No Employment Sought.** Plaintiff agrees that the employment relationship with Defendant has been irrevocably severed and Plaintiff hereby agrees not to knowingly seek employment with Defendant, or with any of the Releasees, as defined in this Agreement.  Should Plaintiff breach this covenant, Defendant shall have the absolute right to refuse to employ him in any capacity, without any legal recourse, or he may be terminated without any legal recourse, and waive all rights and claims that may be brought in relation to the termination

16.     **Request for Approval Order.** Within five (5) business days after the execution of Settlement Agreements by the 13 Plaintiffs and Opt-In Plaintiffs in this Action, Counsel for

the 13 Plaintiffs and Counsel for Defendant will jointly file with the Court an Unopposed Motion for Approval of Settlement.  The Parties shall agree upon the form and substance of such motion before it is filed.

17.   **Effect of Disapproval of Settlement.** If the Court declines to enter the Final Approval Order approving all 13 Settlement Agreements, or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is reversed, vacated or modified in substance, then all 13 Settlement Agreements shall be void unless all parties to the 13 Agreements, within 10 business days from the date of the mailing of such ruling, provide written notice to the other parties of their intent to proceed with the Settlement.

In the event the Court does not approve this Settlement Agreement or any of the other 12 Settlement Agreements between Defendant and the other 12 Plaintiffs and Opt-In Plaintiffs, the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of this Settlement Agreement. However, the Parties will work together in good faith to redraft the disapproved Settlement Agreement in a manner that will be approved by the Court.  If the Parties are unable to do so, they shall proceed in all respects as if this Settlement Agreement and related order had not been executed.

18.   **No Other Representations or Warranties.** Other than as stated herein, Plaintiff and Defendant warrant that no representations, promises or inducements have been offered or made to induce them to enter into this Agreement, and that they are competent to execute this Agreement and accept full responsibility therefor.   Plaintiff and Defendant acknowledge that they have carefully read, have had the opportunity to seek the advice of

14

counsel, have received the advice of counsel regarding this Agreement and fully understand all the provisions of this Agreement, and that they have not relied upon any representation or statement, written or oral, not expressly contained herein.

19. **Binding Effect; No Modification; Entire Agreement.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.  The failure of any party to enforce its rights under this Agreement at any time shall not operate or be construed as a waiver of such rights.  This Agreement may not be changed, altered, or modified, except in a writing signed by all Parties hereto.  This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all such agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

20. **Counterparts.** This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.  For purposes of this Agreement, facsimile and PDF copies of this Agreement shall be deemed originals.

21. **Effective Date.**   The Effective Date of this Agreement shall be the first date on which the Court enters an Order approving the terms and conditions of this Agreement and the other 12 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A.

22. **BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT:**
a) **HE HAS READ THIS AGREEMENT;**
b) **HE UNDERSTANDS EVERYTHING IN IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS AND THAT HE IS GIVING UP ANY RIGHTS OR CLAIMS IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS OTHERWISE NOT ALREADY ENTITLED;**

a)      HE HAS READ THIS AGREEMENT;

b)      HE UNDERSTANDS EVERYTHING IN IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS AND THAT HE IS GIVING UP ANY RIGHTS OR CLAIMS IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS OTHERWISE NOT ALREADY ENTITLED;

c)      HE UNDERSTANDS THAT HE IS WAIVING NO RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THE AGREEMENT IS EXECUTED;

d)      HE AGREES WITH EVERYTHING IN THIS AGREEMENT;

e)      THIS   AGREEMENT   HAS   BEEN   NEGOTIATED   WITH   HIS KNOWLEDGE AND CONSENT;

f)      HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND HAS IN FACT DONE SO;

g)      HE UNDERSTANDS THAT IS ENTITLED TO A PERIOD OF 21 DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT HE MAY REVOKE THIS AGREEMENT UP TO 7 DAYS AFTER SIGNING IT BY DELIVERING WRITTEN NOTICE OF SUCH REVOCATION TO PATRICK W. MCGOVERN, ESQ., GENOVA BURNS LLC, 494 BROAD STREET, NEWARK, NEW JERSEY 07102; AND

h)      HE   HAS   SIGNED   THIS   AGREEMENT   KNOWINGLY   AND VOLUNTARILY.

PLEASE READ CAREFULLY.  THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE IS 17 PAGES OF TYPEWRITTEN TEXT IN LENGTH (INCLUDING THIS PAGE 16 AND THE LAST PAGE COMPRISING EXHIBIT A) AND INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, AND INTENDING TO BE LEGALLY BOUND HEREBY, Plaintiff Andrew Storms and Defendant AmSpec, L.L.C. f/k/a AmSpec Services, L.L.C. have this date executed the foregoing Confidential Settlement Agreement and General Release.

_Andrew Storms_
ANDREW STORMS

State of TEXAS:

: ss.

County of _Harris_ :        _Sept_

On the _16th_ day of ~~July~~, 2016, before me personally came ANDREW STORMS, to me known, who, being by me duly sworn, did depose and say that he is the person described in and who executed the foregoing Release.

_Elizabeth A. Long_
Notary Public of the State of Texas

Agreed as to Paragraph 14 only:
THE BUENKER LAW FIRM

By: _____

Dated: ~~July~~  , 2016
_September 30_

AMSPEC, L.L.C.

By: _____
_11/2/16_

[Notary seal: Elizabeth A. Long   Commission Expires   09-02-2017]

15

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement" or "Settlement Agreement") is made and entered into by and between **Robert Spears** on his own behalf and on behalf of his respective past and present heirs, successors, assigns, representatives, legal representatives, agents, trustees, executors and administrators (the "Plaintiff") on the one hand, and **AmSpec, L.L.C.** f/k/a AmSpec Services, L.L.C. (the "Defendant") on the other hand.  Plaintiff and Defendant are collectively referred to herein as the Parties.

**WHEREAS,** on or about June 20, 2014, a collective action complaint was filed on behalf of four individuals and on behalf of all others similarly situated in the United States District Court for the Southern District of Texas, Houston Division, in an action titled WELL TAYLOR et al. v. AMSPEC, L.L.C. f/k/a AMSPEC SERVICES, L.L.C., bearing Civil Action Number 4:14-cv-1730 (hereinafter referred to as the "Action");

**WHEREAS,** on or about July 1, 2014, an amended collective action complaint (the "Complaint") was filed in the same Action on behalf of certain individuals and on behalf of all others similarly situated in the Action;

**WHEREAS**, on or about June 10, 2015, Robert Spears filed a Consent to Become a Party Plaintiff in the Action;

**WHEREAS**, the Complaint alleges, *inter alia*, that Plaintiff, and all others similarly situated, were not paid the correct wages and overtime rates in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

**WHEREAS**, Defendant denies and contests each of the allegations asserted in the Action;

**WHEREAS**, the Parties desire to settle fully, permanently and finally all differences, actual or potential claims between them, including but not limited to any event related to, arising out of, or in connection with the Action and the Complaint against Defendant, and any event related to or arising out of Plaintiff's employment relationship with Defendant, or arising out of any other putative relationship that he may have or may have had with Defendant, up to the date of the execution of this Agreement, and to terminate any and all claims that have been or may have been made in any forum against Defendant or its parents, subsidiaries or affiliated companies and/or facilities, officers, employees, agents, directors, attorneys, insurers, and representatives of Defendant, individually, which settlement shall constitute the good faith settlement of all claims and causes of action that may exist in favor of Plaintiff against Defendant, except as expressly stated in this Agreement;

**WHEREAS**, Plaintiff Robert Spears is one of 13 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action and all 13 Plaintiffs desire to settle this Action and are considering Settlement Agreements and General Releases to effectuate the termination of their claims against Defendant;

**WHEREAS**, the Parties have negotiated with the aid of their respective counsel and now wish to resolve each of their respective claims and defenses and settle all claims, including but not limited to the Action and the Complaint, consistent with the terms of this Agreement as set forth below; and

**NOW, THEREFORE**, in consideration of the mutual agreements and releases set forth herein and for additional good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge and intending to be legally bound, the Parties hereby agree as follows:

1.     **Consideration.** Subject to the condition that Plaintiff does not revoke his execution of this Agreement during the Seven-Day Revocation Period, as defined in Paragraph 6, and in exchange for Plaintiff's agreement to all of the terms, conditions and promises in this Agreement, including without limitation Plaintiff's general release of any and all claims against Defendant and dismissal with prejudice of the Action, Defendant agrees to pay the sum of ██████████████████████████████████████████████ ($██████) which shall be referred to herein as the Settlement Payment, which shall be disbursed as set forth below, and which is consideration to which the Plaintiff is not otherwise entitled.  The payment of the Settlement Payment by Defendant pursuant to this Agreement shall settle, among other things, all pending issues in the Action and the Complaint between the Parties, including, but not limited to, claims for attorneys' fees and costs as to the Plaintiff.  In consideration for the settlement and release of any and all claims against Defendant and absent a timely revocation of this Agreement by the Plaintiff in accordance with Paragraph 7 below, Defendant shall pay the Settlement Payment within 10 calendar days after Genova Burns LLC receives all of the following items: (i) one fully executed and notarized Agreement, signed by Plaintiff, without modifications, omissions or deletions; (ii) an executed IRS Form W-4 and an executed IRS Form W-9 for the Plaintiff; (iii) fully executed and notarized Settlement Agreements for the other 12 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action, without modifications or deletions; and (iv) an Order entered by the Court approving the terms and conditions of all 13 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A.  Defendant shall pay and distribute the Settlement Payment in the following manner: **Robert Spears** shall receive a total payment of ██████████████████████████████████████████████ ($██████), which shall

3

be payable by two checks as follows:  one check in the amount of ████████████ ████████████████████ ($████) as wages, from which appropriate taxes and withholdings will be taken and for which an IRS Form W-2 will be issued, and a second check in the amount of ████████████████████████████ ($████) as liquidated damages for which an IRS Form 1099 will be issued. The Settlement Payment paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled resulting from any claim released herein.

      2.      **No Other Payments.** With respect to the settlement of the Action and the Complaint and Plaintiff's claims, Plaintiff acknowledges and agrees that he is entitled to no payments from Defendant other than those set forth herein.  Plaintiff shall not seek, request or claim entitlement to any payments from Defendant other than those set forth herein.

      3.      **No Admission.** This Agreement is not, and shall not in any way be construed as, an admission by Defendant or any of its subsidiaries, directors, officers, agents, officials, attorneys, employees, insurers or representatives, of any violation of any federal or state constitutional prohibition or any federal or state or local law, ordinance or regulation, or any express or implied contract of employment, or any breach of the public policy of the State of Texas, or in violation of any other legal duty owed to Plaintiff, but instead constitutes the good faith settlement of any and all of Plaintiff's claims against Defendant, including but not limited to the Action. No findings of any kind have been made or issued by any court and none of the parties purports to be the prevailing party in any threatened or pending litigation or in any

administrative proceeding.   This Agreement, and the discussions and negotiations leading to its consummation, shall not be introduced as evidence or referred to in any proceeding involving the Parties, other than a subsequent proceeding concerning an alleged breach of this Agreement.

4.     **General Releases.**  In consideration for the Settlement Payment by Defendant to Plaintiff as set forth in Paragraph 1, Plaintiff hereby irrevocably and unconditionally waives, releases, and forever discharges Defendant and each of its agents, officials, directors, officers, employees, representatives, attorneys, divisions, parents, subsidiaries, departments, affiliates, and their predecessors, successors, heirs, executors, administrators and assigns, and their insurers including all persons acting by, through, under or in concert with any of them (individually and collectively referred to as "Releasees" for the purposes of this Paragraph 4), from. any and all actions, causes of action, suits, debts, contracts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses (including attorneys' fees and costs actually incurred), and including any and all claims for wages, overtime and premium pay, tips, commissions, benefits, accrued vacation time, accrued sick time or any other claims whatsoever, arising out of his employment relationship, if any, with Defendant, or arising out of any other putative relationship that he may have had with the Defendant, and this Release includes, but is not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Civil Rights Acts of 1866 and 1871, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., the Older Workers Benefit Protection Act, 29 U.S.C. §621 et seq., the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. as amended, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), the Employee Retirement Income Security Act, 29 U.S.C. §1001 et seq., the Equal Pay Act, 29 U.S.C. §206

et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, et seq., the

National Labor Relations Act, 29 U.S.C. §151 et seq., Sections 1981 through 1988 of Title 42

of the United States Code, the Immigration Reform and Control Act, 8 U.S.C. §1324a et seq.,

the Occupational Safety and Health Act, 29 U.S.C.A. §651 et seq., the Consolidated Omnibus

Budget Reconciliation Act, 29 U.S.C. §1161 et seq. and the Family and Medical Leave Act,

29 U.S.C. § 2601 et seq., any and all state, local or federal claims, obligations, demands,

actions, rights, causes of action and liabilities for alleged unpaid wages, overtime

compensation, liquidated or other damages, unpaid costs, penalties (including late payment

penalties), premium pay, and interest, including but not limited to any and all claims under the

Texas Labor Code, Tex. Lab. Code §§ 1.001 et. seq. (including but not limited to the Texas

Payday Act, the Texas Anti-Retaliation Act, Chapter 21 of the Texas Labor Code and the

Texas Whistleblower Act), and the Texas Commission on Human Rights Act, Tex. Lab. Code

§ 21.001, et. seq., any contract of employment, express or implied; any provision of the U.S.

or Texas Constitutions; any provision of any other law, common or statutory, of the United

States, the State of Texas or any other state; any and all claims for attorneys' fees, costs and

expenses, and all claims under any other federal, state, or local law, whether arising or emanating

from statute, executive order, rule, regulation, code, common law, or other source, including, but

not limited to, all actions sounding in tort, contract, and equity (including, restitution, unjust

enrichment and *quantum meruit*), and including those claims that were asserted or could have

been asserted in this Action or in the Complaint, any claims that monies received from this

Agreement are compensation for purposes and retirement or other employee benefit plans of

Defendant, and all claims relating to, arising out of, or in any way connected with the Plaintiff's

former employment with Defendant, and the compensation or benefits payable in connection with

that employment; (individually and collectively referred to as "Claims" for the purposes of this Paragraph 4), which Plaintiff had, now has, or he or his heirs, executors and administrators hereafter may have, whether known or unknown, against each or any of the Releasees, from the beginning of time to the date of this Agreement. Nothing in this Agreement is intended to diminish or enhance any vested benefits that Plaintiff may have under any retirement plan sponsored by Defendant. Expressly excluded from these General Release provisions are claims or rights under applicable Texas workers' compensation laws, and claims arising out of the enforcement of this Agreement.

     5.    **No Pending Claims Against Defendant; Covenant Not to Sue.**  Plaintiff represents and agrees that neither he nor anyone acting on his behalf has filed or in any manner initiated any lawsuit, administrative complaint, grievance or arbitration in any court, administrative agency or other forum in which any claim of any nature, in whole or in part, is asserted against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement. Plaintiff agrees that he will not opt in (and will opt out) of any collective action or class action which may be brought by or on behalf of any other person against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement which collective or class action relates in any manner to events occurring prior to the Effective Date of this Agreement and/or which are based, in whole or in part, upon claims or causes of action which are the subject of the General Release of claims set forth in Paragraph 4 of this Agreement. If any administrative agency proceeding is initiated against Defendant by Plaintiff, Plaintiff will defend, indemnify and hold Defendant, and each of the Releasees identified in Paragraph 4 of this Agreement, harmless from any and all damages, costs and attorneys' fees incurred by, or assessed against, Defendant and Releasees which are attributable to, or are the result of, claims

or recoveries on Plaintiff's behalf.  Plaintiff agrees not to institute any lawsuit, and not to assert any claims, charges or other legal proceedings against Defendant or the Releasees identified in Paragraph 4 of this Agreement, in any court, administrative agency or other forum, based upon any act, event or omission, whether known or unknown, occurring prior to the Effective Date of this Agreement.  Nothing in this Agreement shall prohibit or interfere with Plaintiff's right to bring any action to enforce the terms of this Agreement or to file a Charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.  Plaintiff will not be entitled to recover and he agrees to waive any monetary benefits or recovery against Defendant in connection with any such claim, charge or proceeding of any kind without regard to which entity or person has brought such claim charge or proceeding.

6.   **Review and Revocation Periods.**   Plaintiff has 21 days from receipt of an unsigned version of this Agreement in which to decide whether to sign the Agreement.   If Plaintiff signs this Agreement during this twenty-one (21) day period, he will be explicitly waiving his twenty-one (21) day waiting period.  By signing below, Plaintiff acknowledges and represents that he has reviewed the terms of this Agreement, has had the opportunity to confer with counsel, or any other advisors of their own choosing and unrelated to Defendant regarding the terms of the Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following, have done so, and are waiving their right to the full 21-day review period by signing sooner in order to receive the Settlement Payment sooner.  Plaintiff, effective as of the Effective Date, enters into this Agreement freely, knowingly, voluntarily, without duress, coercion, or undue influence, and with a full understanding of its terms, and acknowledge that he is fully competent to enter into this Agreement.  Plaintiff may revoke this Agreement after signing

it, by delivering written notice of revocation to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, 494 Broad Street, Newark, New Jersey 07102.  To be effective, such notice of revocation must be mailed by Plaintiff to counsel for Defendant at the address above, by no later than seven calendar days after the date of the Effective Date (the "Seven-Day Revocation Period"); to be effective, if Plaintiff intends to exercise his right to revoke, he must also fax such notice to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, at: (973) 533-1112 within the Seven-Day Revocation Period.  Upon effective revocation by the Plaintiff, at the sole option of Defendant, this Agreement shall be null and void in its entirety.  Immediately upon the expiration of the Seven-Day Revocation Period, absent an effective revocation by the Plaintiff, this Agreement shall be effective and irrevocable.

7.    **No Representations or Warranties Regarding Taxes.** Defendant makes no representations or warranties regarding any tax issues relating to the payments provided for in Paragraph 1 above, and Plaintiff acknowledges that he has not relied upon any advice from Defendant or its agents, employees or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise.

a.  In the event that taxes are assessed against Robert Spears as a result of the payments made hereunder to Robert Spears and/or his counsel, Robert Spears shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and agrees to indemnify Defendant, individually, and its subsidiaries, agents, representatives, attorneys, predecessors, successors, heirs, executors, administrators and assigns, for the payment of such taxes, interest and/or penalties as may be assessed against them.

8.    **Medicare Compliance.** Plaintiff warrants that he is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been made by Medicare.  Plaintiff will indemnify, defend and hold Defendant and Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment,

known or unknown. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.  The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b).  The Parties resolved this matter in compliance with both state and federal law.  The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

9.      **Cooperation to Implement Agreement.** The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein, including but not limited to the prompt signing and immediate filing of the Stipulation of Dismissal With Prejudice attached hereto as Exhibit A upon the complete execution of this Agreement, the expiration of the Plaintiff's Seven-Day Revocation Period without any effective notice of revocation to Defendant, the delivery of the payments contemplated by Paragraph 1 of this Agreement, and the complete execution of the Settlement Agreements by the other 12 claimants in this Action and the expiration of their respective Seven-Day Revocation Periods.  In the event that Plaintiff refuses to execute the Agreement, Defendant retains the option of settling with any or all of the other 12 claimants in this Action.

10.      **Governing Law; Exclusive Jurisdiction.** This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas, without regard to its conflicts of law provisions.  Plaintiff and Defendant further agree that all disputes arising out of or relating to this Agreement or its breach shall be resolved exclusively in the United

10

States District Court for the Southern District of Texas, Houston Division, and hereby submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division.  Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction and cannot be modified to be enforceable, excluding general release of claims language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the General Release of claims language in Paragraph 4 above is found by a court of competent jurisdiction to be unenforceable, Plaintiff and Defendant agree that Defendant may rewrite this Agreement to cure the defect, and Plaintiff and Defendant shall execute the rewritten agreement upon request of either party without any additional monies, benefits and/or compensation in exchange therefor. The Parties hereby stipulate that the United States District Court for the Southern District of Texas, Houston Division shall retain jurisdiction to enforce the terms of the Agreement, or in the event any action is commenced concerning enforcement of the provisions of this Agreement.

11.     **Construction.** The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Agreement.

12.     **Non-Disclosure and Confidentiality.** Plaintiff agrees not to disclose and shall not disclose the existence or terms of this Agreement to anyone, including without limitation any of the other 12 Plaintiffs or Opt-In Plaintiffs who have asserted claims in this Action, provided, however, that this does not preclude disclosure to Plaintiff's spouse(s), counsel(s), financial advisor(s), or governmental agencies acting within the scope of their

investigative authority, as contemplated herein; and will instruct his immediate family, counsel, and financial advisors (if any) to whom he has disclosed or may disclose the terms hereof not to disclose the terms and conditions hereof to anyone except where failure to disclose would constitute a violation of law or contempt of court. In the event that disclosure is sought by way of a request or demand for a judicial order, Plaintiff shall give Defendant prompt written notice thereof within two business days, and they may resist by all legitimate means any attempt, of any kind whatsoever, to compel disclosure or otherwise breach the confidentiality of the existence or terms of this Agreement. No other disclosure as to the existence or terms of this Agreement may be made without the prior written consent of Defendant. In response to any inquiries concerning the status of the Action, Plaintiff may state only that "the matter has been resolved."

Plaintiff acknowledges that his agreement to maintain confidentiality as required under this Paragraph constitutes a material inducement for Defendant to provide the consideration described in Paragraph 1 above. Plaintiff acknowledges that if it is determined by a court of competent jurisdiction that there is a breach of this confidentiality provision by Plaintiff, Defendant may also apply for legal and equitable relief including, but not limited to, the return of the monetary sum or sums paid to the Plaintiff, and all of the other provisions of this Agreement shall remain in full force and effect.

13. **Effect of Breach.** Plaintiff and Defendant further agree that, without limiting Defendant's remedies, any violation or breach of this Agreement by Plaintiff shall immediately give rise to an action by Defendant for breach of contract, but shall not release Plaintiff from the performance of his obligations pursuant to this Agreement.

14.    **No Publicity; Non-Disparagement.** Plaintiff and Plaintiff's Counsel agree that they shall not issue, author, or make or cause to be issued, to or in any media or third person, including any Internet website, any communication referring directly or indirectly to this Action or the Complaint, the resolution thereof, or the terms and conditions of the resolution of this Action, or any defamatory, critical, or disparaging remarks, comments, or statements about or against Defendant, any of the Releasees,  Defendant's products or services, Defendant's present and former directors, present and former officers, present and former agents, present and former managers, present and former attorneys, present and former employees, present and former representatives, and its and their successors or assigns.  The Parties expressly acknowledge that this non-disparagement clause is a material term of this Agreement, without which the Parties would not enter into this Agreement.  This paragraph is not intended to apply to communications with a federal, state or local government authority pursuant to a lawfully issued subpoena or other valid legal process.

15.    **No Employment Sought.** Plaintiff agrees that the employment relationship with Defendant has been irrevocably severed and Plaintiff hereby agrees not to knowingly seek employment with Defendant, or with any of the Releasees, as defined in this Agreement.  Should Plaintiff breach this covenant, Defendant shall have the absolute right to refuse to employ him in any capacity, without any legal recourse, or he may be terminated without any legal recourse, and waive all rights and claims that may be brought in relation to the termination

16.    **Request for Approval Order.** Within five (5) business days after the execution of Settlement Agreements by the 13 Plaintiffs and Opt-In Plaintiffs in this Action, Counsel for the 13 Plaintiffs and Counsel for Defendant will jointly file with the Court an Unopposed

Motion for Approval of Settlement.  The Parties shall agree upon the form and substance of such motion before it is filed.

17.   **Effect of Disapproval of Settlement.** If the Court declines to enter the Final Approval Order approving all 13 Settlement Agreements, or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is reversed, vacated or modified in substance, then all 13 Settlement Agreements shall be void unless all parties to the 13 Agreements, within 10 business days from the date of the mailing of such ruling, provide written notice to the other parties of their intent to proceed with the Settlement.

In the event the Court does not approve this Settlement Agreement or any of the other 12 Settlement Agreements between Defendant and the other 12 Plaintiffs and Opt-In Plaintiffs, the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of this Settlement Agreement. However, the Parties will work together in good faith to redraft the disapproved Settlement Agreement in a manner that will be approved by the Court.  If the Parties are unable to do so, they shall proceed in all respects as if this Settlement Agreement and related order had not been executed.

18.   **No Other Representations or Warranties.** Other than as stated herein, Plaintiff and Defendant warrant that no representations, promises or inducements have been offered or made to induce them to enter into this Agreement, and that they are competent to execute this Agreement and accept full responsibility therefor.  Plaintiff and Defendant acknowledge that they have carefully read, have had the opportunity to seek the advice of counsel, have received the advice of counsel regarding this Agreement and fully understand all

d)   HE AGREES WITH EVERYTHING IN THIS AGREEMENT;

e)   THIS AGREEMENT HAS BEEN NEGOTIATED WITH HIS KNOWLEDGE AND CONSENT;

f)   HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND HAS IN FACT DONE SO;

g)   HE UNDERSTANDS THAT IS ENTITLED TO A PERIOD OF 21 DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT HE MAY REVOKE THIS AGREEMENT UP TO 7 DAYS AFTER SIGNING IT BY DELIVERING WRITTEN NOTICE OF SUCH REVOCATION TO PATRICK W. MCGOVERN, ESQ., GENOVA BURNS LLC, 494 BROAD STREET, NEWARK, NEW JERSEY 07102; AND

h)   HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

PLEASE READ CAREFULLY.  THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE IS 17 PAGES OF TYPEWRITTEN TEXT IN LENGTH (INCLUDING THIS PAGE 16 AND THE LAST PAGE COMPRISING EXHIBIT A) AND INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, AND INTENDING TO BE LEGALLY BOUND HEREBY, Plaintiff Robert Spears and Defendant AmSpec, L.L.C. f/k/a AmSpec Services, L.L.C. have this date executed the foregoing Confidential Settlement Agreement and General Release.

_____
**ROBERT SPEARS**

State of TEXAS:

               : ss.

County of _____ :

On the _____ day of July, 2016, before me personally came ROBERT SPEARS, to me known, who, being by me duly sworn, did depose and say that he is the person described in and who executed the foregoing Release.

_____
Notary Public of the State of Texas

**Agreed as to Paragraph 14 only:**
**THE BUENKER LAW FIRM**

By:_____
Dated:  July __, 2016

**AMSPEC, L.L.C.**

By:_____
Dated: July __, 2016

13537675 (3028.006)

16

the provisions of this Agreement, and that they have not relied upon any representation or statement, written or oral, not expressly contained herein.

19. **Binding Effect; No Modification; Entire Agreement.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.  The failure of any party to enforce its rights under this Agreement at any time shall not operate or be construed as a waiver of such rights.  This Agreement may not be changed, altered, or modified, except in a writing signed by all Parties hereto.  This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all such agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

20. **Counterparts.**  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.  For purposes of this Agreement, facsimile and PDF copies of this Agreement shall be deemed originals.

21. **Effective Date.**  The Effective Date of this Agreement shall be the first date on which the Court enters an Order approving the terms and conditions of this Agreement and the other 12 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A.

22. **BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT:**
a) **HE HAS READ THIS AGREEMENT;**
b) **HE UNDERSTANDS EVERYTHING IN IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS AND THAT HE IS GIVING UP ANY RIGHTS OR CLAIMS IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS OTHERWISE NOT ALREADY ENTITLED;**
c) **HE UNDERSTANDS THAT HE IS WAIVING NO RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THE AGREEMENT IS EXECUTED;**

     e)     THIS    AGREEMENT   HAS   BEEN   NEGOTIATED   WITH   HIS KNOWLEDGE AND CONSENT;

     f)     HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND HAS IN FACT DONE SO;

     g)     HE UNDERSTANDS THAT IS ENTITLED TO A PERIOD OF 21 DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT HE MAY REVOKE THIS AGREEMENT UP TO 7 DAYS AFTER SIGNING IT BY DELIVERING WRITTEN NOTICE OF SUCH REVOCATION TO PATRICK W. MCGOVERN, ESQ., GENOVA BURNS LLC, 494 BROAD STREET, NEWARK, NEW JERSEY 07102; AND

     h)     HE    HAS    SIGNED    THIS    AGREEMENT    KNOWINGLY    AND VOLUNTARILY.

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE IS 17 PAGES OF TYPEWRITTEN TEXT IN LENGTH (INCLUDING THIS PAGE 16 AND THE LAST PAGE COMPRISING EXHIBIT A) AND INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

     IN WITNESS WHEREOF, AND INTENDING TO BE LEGALLY BOUND HEREBY, Plaintiff Robert Spears and Defendant AmSpec, L.L.C. f/k/a AmSpec Services, L.L.C. have this date executed the foregoing Confidential Settlement Agreement and General Release.

                            _Robert Spears_

                            ROBERT SPEARS

State of TEXAS:

               : ss.

County of Harris  :   October

     On the _10th_ day of ~~July~~, 2016. before me personally came ROBERT SPEARS, to me known, who, being by me duly sworn, did depose and say that he is the person described in and who executed the foregoing Release.

                            _Giselle Andueza_

                            Notary Public of the State of Texas

Agreed as to Paragraph 14 only:
THE BUENKER LAW FIRM

By: _____
Dated: _____ ___, 2016

        October, 2016

AMSPEC, L.L.C.

By: _____
Dated: July ___, 2016  11/2/16

                            GISSELLE REYES ANDUEZA
                            Notary Public, State of Texas
                            My Commission Expires
                            August 14, 2017

13537675 {3028.005}

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement" or "Settlement Agreement") is made and entered into by and between **Kendran Young** on his own behalf and on behalf of his respective past and present heirs, successors, assigns, representatives, legal representatives, agents, trustees, executors and administrators (the "Plaintiff") on the one hand, and **AmSpec, L.L.C.** f/k/a AmSpec Services, L.L.C. (the "Defendant") on the other hand.  Plaintiff and Defendant are collectively referred to herein as the Parties.

**WHEREAS,** on or about June 20, 2014, a collective action complaint was filed on behalf of four individuals and on behalf of all others similarly situated in the United States District Court for the Southern District of Texas, Houston Division, in an action titled WELL TAYLOR et al. v. AMSPEC, L.L.C. f/k/a AMSPEC SERVICES, L.L.C., bearing Civil Action Number 4:14-cv-1730 (hereinafter referred to as the "Action");

**WHEREAS,** on or about July 1, 2014, an amended collective action complaint (the "Complaint") was filed in the same Action on behalf of certain individuals and on behalf of all others similarly situated in the Action;

**WHEREAS,** on or about July 1, 2014, Kendran Young filed a Certificate of Interested Parties to become a Party Plaintiff in the Action;

**WHEREAS,** the Complaint alleges, *inter alia*, that Plaintiff, and all others similarly situated, were not paid the correct wages and overtime rates in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

**WHEREAS,** Defendant denies and contests each of the allegations asserted in the Action;

**WHEREAS**, the Parties desire to settle fully, permanently and finally all differences, actual or potential claims between them, including but not limited to any event related to, arising out of, or in connection with the Action and the Complaint against Defendant, and any event related to or arising out of Plaintiff's employment relationship with Defendant, or arising out of any other putative relationship that he may have or may have had with Defendant, up to the date of the execution of this Agreement, and to terminate any and all claims that have been or may have been made in any forum against Defendant or its parents, subsidiaries or affiliated companies and/or facilities, officers, employees, agents, directors, attorneys, insurers, and representatives of Defendant, individually, which settlement shall constitute the good faith settlement of all claims and causes of action that may exist in favor of Plaintiff against Defendant, except as expressly stated in this Agreement;

**WHEREAS**, Plaintiff Kendran Young is one of 13 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action and all 13 Plaintiffs desire to settle this Action and are considering Settlement Agreements and General Releases to effectuate the termination of their claims against Defendant;

**WHEREAS**, the Parties have negotiated with the aid of their respective counsel and now wish to resolve each of their respective claims and defenses and settle all claims, including but not limited to the Action and the Complaint, consistent with the terms of this Agreement as set forth below; and

**NOW, THEREFORE**, in consideration of the mutual agreements and releases set forth herein and for additional good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge and intending to be legally bound, the Parties hereby agree as follows:

1. **Consideration.** Subject to the condition that Plaintiff does not revoke his execution of this Agreement during the Seven-Day Revocation Period, as defined in Paragraph 6, and in exchange for Plaintiff's agreement to all of the terms, conditions and promises in this Agreement, including without limitation Plaintiff's general release of any and all claims against Defendant and dismissal with prejudice of the Action, Defendant agrees to pay the sum of ███████████████████████████████████████████████████ ██████ ($██████████), which shall be referred to herein as the Settlement Payment, which shall be disbursed as set forth below, and which is consideration to which the Plaintiff is not otherwise entitled. The payment of the Settlement Payment by Defendant pursuant to this Agreement shall settle, among other things, all pending issues in the Action and the Complaint between the Parties, including, but not limited to, claims for attorneys' fees and costs as to the Plaintiff. In consideration for the settlement and release of any and all claims against Defendant and absent a timely revocation of this Agreement by the Plaintiff in accordance with Paragraph 7 below, Defendant shall pay the Settlement Payment within 10 calendar days after Genova Burns LLC receives all of the following items: (i) one fully executed and notarized Agreement, signed by Plaintiff, without modifications, omissions or deletions; (ii) an executed IRS Form W-4 and an executed IRS Form W-9 for the Plaintiff; (iii) fully executed and notarized Settlement Agreements for the other 12 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action, without modifications or deletions; and (iv) an Order entered by the Court approving the terms and conditions of all 13 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A. Defendant shall pay and distribute the Settlement Payment in the following manner: **Kendran Young** shall receive a total payment of ████████████████████████████████████████

3

███████████████████████████████ ($███████), which shall be payable by two checks as follows:  one check in the amount of ██████████████████████████████ ($█████████) as wages, from which appropriate taxes and withholdings will be taken and for which an IRS Form W-2 will be issued, and a second check in the amount of ████████████████████████ ████████████████████████████████████ ($████████) as liquidated damages for which an IRS Form 1099 will be issued. The Settlement Payment paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled resulting from any claim released herein.

2.  **No Other Payments.** With respect to the settlement of the Action and the Complaint and Plaintiff's claims, Plaintiff acknowledges and agrees that he is entitled to no payments from Defendant other than those set forth herein.  Plaintiff shall not seek, request or claim entitlement to any payments from Defendant other than those set forth herein.

3.  **No Admission.** This Agreement is not, and shall not in any way be construed as, an admission by Defendant or any of its subsidiaries, directors, officers, agents, officials, attorneys, employees, insurers or representatives, of any violation of any federal or state constitutional prohibition or any federal or state or local law, ordinance or regulation, or any express or implied contract of employment, or any breach of the public policy of the State of Texas, or in violation of any other legal duty owed to Plaintiff, but instead constitutes the good faith settlement of any and all of Plaintiff's claims against Defendant, including but not limited to

the Action. No findings of any kind have been made or issued by any court and none of the parties purports to be the prevailing party in any threatened or pending litigation or in any administrative proceeding.  This Agreement, and the discussions and negotiations leading to its consummation, shall not be introduced as evidence or referred to in any proceeding involving the Parties, other than a subsequent proceeding concerning an alleged breach of this Agreement.

4.   **General Releases.** In consideration for the Settlement Payment by Defendant to Plaintiff as set forth in Paragraph 1, Plaintiff hereby irrevocably and unconditionally waives, releases, and forever discharges Defendant and each of its agents, officials, directors, officers, employees, representatives, attorneys, divisions, parents, subsidiaries, departments, affiliates, and their predecessors, successors, heirs, executors, administrators and assigns, and their insurers including all persons acting by, through, under or in concert with any of them (individually and collectively referred to as "Releasees" for the purposes of this Paragraph 4), from. any and all actions, causes of action, suits, debts, contracts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses (including attorneys' fees and costs actually incurred), and including any and all claims for wages, overtime and premium pay, tips, commissions, benefits, accrued vacation time, accrued sick time or any other claims whatsoever, arising out of his employment relationship, if any, with Defendant, or arising out of any other putative relationship that he may have had with the Defendant, and this Release includes, but is not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Civil Rights Acts of 1866 and 1871, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., the Older Workers Benefit Protection Act, 29 U.S.C. §621 et seq., the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. as

5

amended, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), the Employee

Retirement Income Security Act, 29 U.S.C. §1001 et seq., the Equal Pay Act, 29 U.S.C. §206

et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, et seq., the

National Labor Relations Act, 29 U.S.C. §151 et seq., Sections 1981 through 1988 of Title 42

of the United States Code, the Immigration Reform and Control Act, 8 U.S.C. §1324a et seq.,

the Occupational Safety and Health Act, 29 U.S.C.A. §651 et seq., the Consolidated Omnibus

Budget Reconciliation Act, 29 U.S.C. §1161 et seq. and the Family and Medical Leave Act,

29 U.S.C. § 2601 et seq., any and all state, local or federal claims, obligations, demands,

actions, rights, causes of action and liabilities for alleged unpaid wages, overtime

compensation, liquidated or other damages, unpaid costs, penalties (including late payment

penalties), premium pay, and interest, including but not limited to any and all claims under the

Texas Labor Code, Tex. Lab. Code §§ 1.001 et. seq. (including but not limited to the Texas

Payday Act, the Texas Anti-Retaliation Act, Chapter 21 of the Texas Labor Code and the

Texas Whistleblower Act), and the Texas Commission on Human Rights Act, Tex. Lab. Code

§ 21.001, et. seq., any contract of employment, express or implied; any provision of the U.S.

or Texas Constitutions; any provision of any other law, common or statutory, of the United

States, the State of Texas or any other state; any and all claims for attorneys' fees, costs and

expenses, and all claims under any other federal, state, or local law, whether arising or emanating

from statute, executive order, rule, regulation, code, common law, or other source, including, but

not limited to, all actions sounding in tort, contract, and equity (including, restitution, unjust

enrichment and *quantum meruit*), and including those claims that were asserted or could have

been asserted in this Action or in the Complaint, any claims that monies received from this

Agreement are compensation for purposes and retirement or other employee benefit plans of

Defendant, and all claims relating to, arising out of, or in any way connected with the Plaintiff's former employment with Defendant, and the compensation or benefits payable in connection with that employment; (individually and collectively referred to as "Claims" for the purposes of this Paragraph 4), which Plaintiff had, now has, or he or his heirs, executors and administrators hereafter may have, whether known or unknown, against each or any of the Releasees, from the beginning of time to the date of this Agreement. Nothing in this Agreement is intended to diminish or enhance any vested benefits that Plaintiff may have under any retirement plan sponsored by Defendant. Expressly excluded from these General Release provisions are claims or rights under applicable Texas workers' compensation laws, and claims arising out of the enforcement of this Agreement.

     5.   **No Pending Claims Against Defendant; Covenant Not to Sue.**  Plaintiff represents and agrees that neither he nor anyone acting on his behalf has filed or in any manner initiated any lawsuit, administrative complaint, grievance or arbitration in any court, administrative agency or other forum in which any claim of any nature, in whole or in part, is asserted against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement. Plaintiff agrees that he will not opt in (and will opt out of) any collective action or class action which may be brought by or on behalf of any other person against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement which collective or class action relates in any manner to events occurring prior to the Effective Date of this Agreement and/or which are based, in whole or in part, upon claims or causes of action which are the subject of the General Release of claims set forth in Paragraph 4 of this Agreement. If any administrative agency proceeding is initiated against Defendant by Plaintiff, Plaintiff will defend, indemnify and hold Defendant, and each of the Releasees identified in Paragraph 4 of

this Agreement, harmless from any and all damages, costs and attorneys' fees incurred by, or assessed against, Defendant and Releasees which are attributable to, or are the result of, claims or recoveries on Plaintiff's behalf.  Plaintiff agrees not to institute any lawsuit, and not to assert any claims, charges or other legal proceedings against Defendant or the Releasees identified in Paragraph 4 of this Agreement, in any court, administrative agency or other forum, based upon any act, event or omission, whether known or unknown, occurring prior to the Effective Date of this Agreement.  Nothing in this Agreement shall prohibit or interfere with Plaintiff's right to bring any action to enforce the terms of this Agreement or to file a Charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.  Plaintiff will not be entitled to recover and he agrees to waive any monetary benefits or recovery against Defendant in connection with any such claim, charge or proceeding of any kind without regard to which entity or person has brought such claim charge or proceeding.

6.    **Review and Revocation Periods.**    Plaintiff has 21 days from receipt of an unsigned version of this Agreement in which to decide whether to sign the Agreement.  If Plaintiff signs this Agreement during this twenty-one (21) day period, he will be explicitly waiving his twenty-one (21) day waiting period.  By signing below, Plaintiff acknowledges and represents that he has reviewed the terms of this Agreement, has had the opportunity to confer with counsel, or any other advisors of their own choosing and unrelated to Defendant regarding the terms of the Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following, have done so, and are waiving their right to the full 21-day review period by signing sooner in order to receive the Settlement Payment sooner.  Plaintiff, effective as of the Effective Date, enters into this Agreement freely, knowingly, voluntarily, without duress,

8

coercion, or undue influence, and with a full understanding of its terms, and acknowledge that he is fully competent to enter into this Agreement. Plaintiff may revoke this Agreement after signing it, by delivering written notice of revocation to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, 494 Broad Street, Newark, New Jersey 07102. To be effective, such notice of revocation must be mailed by Plaintiff to counsel for Defendant at the address above, by no later than seven calendar days after the date of the Effective Date (the "Seven-Day Revocation Period"); to be effective, if Plaintiff intends to exercise his right to revoke, he must also fax such notice to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, at: (973) 533-1112 within the Seven-Day Revocation Period. Upon effective revocation by the Plaintiff, at the sole option of Defendant, this Agreement shall be null and void in its entirety. Immediately upon the expiration of the Seven-Day Revocation Period, absent an effective revocation by the Plaintiff, this Agreement shall be effective and irrevocable.

7. **No Representations or Warranties Regarding Taxes.** Defendant makes no representations or warranties regarding any tax issues relating to the payments provided for in Paragraph 1 above, and Plaintiff acknowledges that he has not relied upon any advice from Defendant or its agents, employees or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise.

    a. In the event that taxes are assessed against Kendran Young as a result of the payments made hereunder to Kendran Young and/or his counsel, Kendran Young shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and agrees to indemnify Defendant, individually, and its subsidiaries, agents, representatives, attorneys, predecessors, successors, heirs, executors, administrators and assigns, for the payment of such taxes, interest and/or penalties as may be assessed against them.

8. **Medicare Compliance.** Plaintiff warrants that he is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been

made by Medicare.  Plaintiff will indemnify, defend and hold Defendant and Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.  The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b).  The Parties resolved this matter in compliance with both state and federal law.  The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

9.  **Cooperation to Implement Agreement.** The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein, including but not limited to the prompt signing and immediate filing of the Stipulation of Dismissal With Prejudice attached hereto as Exhibit A upon the complete execution of this Agreement, the expiration of the Plaintiff's Seven-Day Revocation Period without any effective notice of revocation to Defendant, the delivery of the payments contemplated by Paragraph 1 of this Agreement, and the complete execution of the Settlement Agreements by the other 12 claimants in this Action and the expiration of their respective Seven-Day Revocation Periods.  In the event that Plaintiff refuses to execute the Agreement, Defendant retains the option of settling with any or all of the other 12 claimants in this Action.

10.  **Governing Law; Exclusive Jurisdiction.** This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas, without regard

to its conflicts of law provisions.  Plaintiff and Defendant further agree that all disputes arising out of or relating to this Agreement or its breach shall be resolved exclusively in the United States District Court for the Southern District of Texas, Houston Division, and hereby submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division.  Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction and cannot be modified to be enforceable, excluding general release of claims language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the General Release of claims language in Paragraph 4 above is found by a court of competent jurisdiction to be unenforceable, Plaintiff and Defendant agree that Defendant may rewrite this Agreement to cure the defect, and Plaintiff and Defendant shall execute the rewritten agreement upon request of either party without any additional monies, benefits and/or compensation in exchange therefor. The Parties hereby stipulate that the United States District Court for the Southern District of Texas, Houston Division shall retain jurisdiction to enforce the terms of the Agreement, or in the event any action is commenced concerning enforcement of the provisions of this Agreement.

   11.   **Construction.** The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Agreement.

   12.   **Non-Disclosure and Confidentiality.** Plaintiff agrees not to disclose and shall not disclose the existence or terms of this Agreement to anyone, including without limitation any of the other 12 Plaintiffs or Opt-In Plaintiffs who have asserted claims in this

Action, provided, however, that this does not preclude disclosure to Plaintiff's spouse(s), counsel(s), financial advisor(s), or governmental agencies acting within the scope of their investigative authority, as contemplated herein; and will instruct his immediate family, counsel, and financial advisors (if any) to whom he has disclosed or may disclose the terms hereof not to disclose the terms and conditions hereof to anyone except where failure to disclose would constitute a violation of law or contempt of court.  In the event that disclosure is sought by way of a request or demand for a judicial order, Plaintiff shall give Defendant prompt written notice thereof within two business days, and they may resist by all legitimate means any attempt, of any kind whatsoever, to compel disclosure or otherwise breach the confidentiality of the existence or terms of this Agreement. No other disclosure as to the existence or terms of this Agreement may be made without the prior written consent of Defendant.  In response to any inquiries concerning the status of the Action, Plaintiff may state only that "the matter has been resolved."

Plaintiff acknowledges that his agreement to maintain confidentiality as required under this Paragraph constitutes a material inducement for Defendant to provide the consideration described in Paragraph 1 above.  Plaintiff acknowledges that if it is determined by a court of competent jurisdiction that there is a breach of this confidentiality provision by Plaintiff, Defendant may also apply for legal and equitable relief including, but not limited to, the return of the monetary sum or sums paid to the Plaintiff, and all of the other provisions of this Agreement shall remain in full force and effect.

13.    **Effect of Breach.** Plaintiff and Defendant further agree that, without limiting Defendant's remedies, any violation or breach of this Agreement by Plaintiff shall immediately

give rise to an action by Defendant for breach of contract, but shall not release Plaintiff from the performance of his obligations pursuant to this Agreement.

14. **No Publicity; Non-Disparagement.** Plaintiff and Plaintiff's Counsel agree that they shall not issue, author, or make or cause to be issued, to or in any media or third person, including any Internet website, any communication referring directly or indirectly to this Action or the Complaint, the resolution thereof, or the terms and conditions of the resolution of this Action, or any defamatory, critical, or disparaging remarks, comments, or statements about or against Defendant, any of the Releasees, Defendant's products or services, Defendant's present and former directors, present and former officers, present and former agents, present and former managers, present and former attorneys, present and former employees, present and former representatives, and its and their successors or assigns. The Parties expressly acknowledge that this non-disparagement clause is a material term of this Agreement, without which the Parties would not enter into this Agreement. This paragraph is not intended to apply to communications with a federal, state or local government authority pursuant to a lawfully issued subpoena or other valid legal process.

15. **No Employment Sought.** Plaintiff agrees that the employment relationship with Defendant has been irrevocably severed and Plaintiff hereby agrees not to knowingly seek employment with Defendant, or with any of the Releasees, as defined in this Agreement. Should Plaintiff breach this covenant, Defendant shall have the absolute right to refuse to employ him in any capacity, without any legal recourse, or he may be terminated without any legal recourse, and waive all rights and claims that may be brought in relation to the termination

16. **Request for Approval Order.** Within five (5) business days after the execution of Settlement Agreements by the 13 Plaintiffs and Opt-In Plaintiffs in this Action, Counsel for

13

the 13 Plaintiffs and Counsel for Defendant will jointly file with the Court an Unopposed Motion for Approval of Settlement.  The Parties shall agree upon the form and substance of such motion before it is filed.

17.    **Effect of Disapproval of Settlement.** If the Court declines to enter the Final Approval Order approving all 13 Settlement Agreements, or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is reversed, vacated or modified in substance, then all 13 Settlement Agreements shall be void unless all parties to the 13 Agreements, within 10 business days from the date of the mailing of such ruling, provide written notice to the other parties of their intent to proceed with the Settlement.

In the event the Court does not approve this Settlement Agreement or any of the other 12 Settlement Agreements between Defendant and the other 12 Plaintiffs and Opt-In Plaintiffs, the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of this Settlement Agreement. However, the Parties will work together in good faith to redraft the disapproved Settlement Agreement in a manner that will be approved by the Court.  If the Parties are unable to do so, they shall proceed in all respects as if this Settlement Agreement and related order had not been executed.

18.    **No Other Representations or Warranties.** Other than as stated herein, Plaintiff and Defendant warrant that no representations, promises or inducements have been offered or made to induce them to enter into this Agreement, and that they are competent to execute this Agreement and accept full responsibility therefor.  Plaintiff and Defendant acknowledge that they have carefully read, have had the opportunity to seek the advice of

14

counsel, have received the advice of counsel regarding this Agreement and fully understand all the provisions of this Agreement, and that they have not relied upon any representation or statement, written or oral, not expressly contained herein.

19.     **Binding Effect; No Modification; Entire Agreement.**  This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.  The failure of any party to enforce its rights under this Agreement at any time shall not operate or be construed as a waiver of such rights.  This Agreement may not be changed, altered, or modified, except in a writing signed by all Parties hereto.  This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all such agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

20.     **Counterparts.**  This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.  For purposes of this Agreement, facsimile and PDF copies of this Agreement shall be deemed originals.

21.     **Effective Date.**   The Effective Date of this Agreement shall be the first date on which the Court enters an Order approving the terms and conditions of this Agreement and the other 12 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A.

22.     **BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT:**
a)      **HE HAS READ THIS AGREEMENT;**
b)      **HE UNDERSTANDS EVERYTHING IN IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS AND THAT HE IS GIVING UP ANY RIGHTS OR CLAIMS IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS OTHERWISE NOT ALREADY ENTITLED;**

c)    HE UNDERSTANDS THAT HE IS WAIVING NO RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THE AGREEMENT IS EXECUTED;

d)    HE AGREES WITH EVERYTHING IN THIS AGREEMENT;

e)    THIS AGREEMENT HAS BEEN NEGOTIATED WITH HIS KNOWLEDGE AND CONSENT;

f)    HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND HAS IN FACT DONE SO;

g)    HE UNDERSTANDS THAT IS ENTITLED TO A PERIOD OF 21 DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT HE MAY REVOKE THIS AGREEMENT UP TO 7 DAYS AFTER SIGNING IT BY DELIVERING WRITTEN NOTICE OF SUCH REVOCATION TO PATRICK W. MCGOVERN, ESQ., GENOVA BURNS LLC, 494 BROAD STREET, NEWARK, NEW JERSEY 07102; AND

h)    HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

PLEASE READ CAREFULLY.  THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE IS 17 PAGES OF TYPEWRITTEN TEXT IN LENGTH (INCLUDING THIS PAGE 16 AND THE LAST PAGE COMPRISING EXHIBIT A) AND INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, AND INTENDING TO BE LEGALLY BOUND HEREBY, Plaintiff Kendran Young and Defendant AmSpec, L.L.C. f/k/a AmSpec Services, L.L.C. have this date executed the foregoing Confidential Settlement Agreement and General Release.

_____
KENDRAN YOUNG

State of TEXAS:

                          : ss.

County of Harris :

On the 11th day of August, 2016, before me personally came KENDRAN YOUNG, to me known, who, being by me duly sworn, did depose and say that he is the person described in and who executed the foregoing Release.

_____
Notary Public of the State of Texas

Agreed as to Paragraph 14 only:
THE BUENKER LAW FIRM

By: _____
Dated: July ___, 2016

AMSPEC, L.L.C.

By: _____
Dated: July ___, 2016
13537675 (3028.006)                    11/2/16

GISSELLE REYES ANDUEZA
Notary Public, State of Texas
My Commission Expires
August 14, 2017

16

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement" or "Settlement Agreement") is made and entered into by and between **Hong Vo** on his own behalf and on behalf of his respective past and present heirs, successors, assigns, representatives, legal representatives, agents, trustees, executors and administrators (the "Plaintiff") on the one hand, and **AmSpec, L.L.C.** f/k/a AmSpec Services, L.L.C. (the "Defendant") on the other hand. Plaintiff and Defendant are collectively referred to herein as the Parties.

**WHEREAS,** on or about June 20, 2014, a collective action complaint was filed on behalf of four individuals and on behalf of all others similarly situated in the United States District Court for the Southern District of Texas, Houston Division, in an action titled <u>WELL TAYLOR et al. v. AMSPEC, L.L.C. f/k/a AMSPEC SERVICES, L.L.C.</u>, bearing Civil Action Number 4:14-cv-1730 (hereinafter referred to as the "Action");

**WHEREAS,** on or about July 1, 2014, an amended collective action complaint (the "Complaint") was filed in the same Action on behalf of certain individuals and on behalf of all others similarly situated in the Action;

**WHEREAS,** on or about January 23, 2015, Hong Vo filed a Consent to Become a Party Plaintiff in the Action;

**WHEREAS,** the Complaint alleges, *inter alia*, that Plaintiff, and all others similarly situated, were not paid the correct wages and overtime rates in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;

**WHEREAS,** Defendant denies and contests each of the allegations asserted in the Action;

**WHEREAS**, the Parties desire to settle fully, permanently and finally all differences, actual or potential claims between them, including but not limited to any event related to, arising out of, or in connection with the Action and the Complaint against Defendant, and any event related to or arising out of Plaintiff's employment relationship with Defendant, or arising out of any other putative relationship that he may have or may have had with Defendant, up to the date of the execution of this Agreement, and to terminate any and all claims that have been or may have been made in any forum against Defendant or its parents, subsidiaries or affiliated companies and/or facilities, officers, employees, agents, directors, attorneys, insurers, and representatives of Defendant, individually, which settlement shall constitute the good faith settlement of all claims and causes of action that may exist in favor of Plaintiff against Defendant, except as expressly stated in this Agreement;

**WHEREAS**, Plaintiff Hong Vo is one of 13 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action and all 13 Plaintiffs desire to settle this Action and are considering Settlement Agreements and General Releases to effectuate the termination of their claims against Defendant;

**WHEREAS**, the Parties have negotiated with the aid of their respective counsel and now wish to resolve each of their respective claims and defenses and settle all claims, including but not limited to the Action and the Complaint, consistent with the terms of this Agreement as set forth below; and

**NOW, THEREFORE**, in consideration of the mutual agreements and releases set forth herein and for additional good and valuable consideration, the receipt and sufficiency of which the Parties hereby acknowledge and intending to be legally bound, the Parties hereby agree as follows:

1.  **Consideration.** Subject to the condition that Plaintiff does not revoke his execution of this Agreement during the Seven-Day Revocation Period, as defined in Paragraph 6, and in exchange for Plaintiff's agreement to all of the terms, conditions and promises in this Agreement, including without limitation Plaintiff's general release of any and all claims against Defendant and dismissal with prejudice of the Action, Defendant agrees to pay the sum of ████████████████████████████████████████████████████████ ████████ ($██████████) which shall be referred to herein as the Settlement Payment, which shall be disbursed as set forth below, and which is consideration to which the Plaintiff is not otherwise entitled.  The payment of the Settlement Payment by Defendant pursuant to this Agreement shall settle, among other things, all pending issues in the Action and the Complaint between the Parties, including, but not limited to, claims for attorneys' fees and costs as to the Plaintiff.  In consideration for the settlement and release of any and all claims against Defendant and absent a timely revocation of this Agreement by the Plaintiff in accordance with Paragraph 7 below, Defendant shall pay the Settlement Payment within 10 calendar days after Genova Burns LLC receives all of the following items: (i) one fully executed and notarized Agreement, signed by Plaintiff, without modifications, omissions or deletions; (ii) an executed IRS Form W-4 and an executed IRS Form W-9 for the Plaintiff; (iii) fully executed and notarized Settlement Agreements for the other 12 Plaintiffs or Opt-In Plaintiffs who are asserting claims in this Action, without modifications or deletions; and (iv) an Order entered by the Court approving the terms and conditions of all 13 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A. Defendant shall pay and distribute the Settlement Payment in the following manner: **Hong Vo** shall receive a total payment of ████████████████████████████████████████████████████████

██████████████████████████ ($█████), which shall be payable by two checks as follows: one check in the amount of ████████████████████████████ ████████████████████████████ ($██████) as wages, from which appropriate taxes and withholdings will be taken and for which an IRS Form W-2 will be issued, and a second check in the amount of ████████████████████████████ ████████████████████████████ ($███████) as liquidated damages for which an IRS Form 1099 will be issued. The Settlement Payment paid by Defendant pursuant to this Agreement shall constitute full satisfaction of Defendant's obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action and shall relieve Defendant from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled resulting from any claim released herein.

2.   **No Other Payments.** With respect to the settlement of the Action and the Complaint and Plaintiff's claims, Plaintiff acknowledges and agrees that he is entitled to no payments from Defendant other than those set forth herein.  Plaintiff shall not seek, request or claim entitlement to any payments from Defendant other than those set forth herein.

3.   **No Admission.** This Agreement is not, and shall not in any way be construed as, an admission by Defendant or any of its subsidiaries, directors, officers, agents, officials, attorneys, employees, insurers or representatives, of any violation of any federal or state constitutional prohibition or any federal or state or local law, ordinance or regulation, or any express or implied contract of employment, or any breach of the public policy of the State of Texas, or in violation of any other legal duty owed to Plaintiff, but instead constitutes the good faith settlement of any and all of Plaintiff's claims against Defendant, including but not limited to

4

the Action. No findings of any kind have been made or issued by any court and none of the parties purports to be the prevailing party in any threatened or pending litigation or in any administrative proceeding. This Agreement, and the discussions and negotiations leading to its consummation, shall not be introduced as evidence or referred to in any proceeding involving the Parties, other than a subsequent proceeding concerning an alleged breach of this Agreement.

4.   **General Releases.** In consideration for the Settlement Payment by Defendant to Plaintiff as set forth in Paragraph 1, Plaintiff hereby irrevocably and unconditionally waives, releases, and forever discharges Defendant and each of its agents, officials, directors, officers, employees, representatives, attorneys, divisions, parents, subsidiaries, departments, affiliates, and their predecessors, successors, heirs, executors, administrators and assigns, and their insurers including all persons acting by, through, under or in concert with any of them (individually and collectively referred to as "Releasees" for the purposes of this Paragraph 4), from. any and all actions, causes of action, suits, debts, contracts, charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages and expenses (including attorneys' fees and costs actually incurred), and including any and all claims for wages, overtime and premium pay, tips, commissions, benefits, accrued vacation time, accrued sick time or any other claims whatsoever, arising out of his employment relationship, if any, with Defendant, or arising out of any other putative relationship that he may have had with the Defendant, and this Release includes, but is not limited to, any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq., the Civil Rights Acts of 1866 and 1871, the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., the Older Workers Benefit Protection Act, 29 U.S.C. §621 et seq., the Americans With Disabilities Act, 42 U.S.C. §12101 et seq. as

amended, the Pregnancy Discrimination Act of 1978, 42 U.S.C. § 2000e-(k), the Employee

Retirement Income Security Act, 29 U.S.C. §1001 et seq., the Equal Pay Act, 29 U.S.C. §206

et seq., the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101, et seq., the

National Labor Relations Act, 29 U.S.C. §151 et seq., Sections 1981 through 1988 of Title 42

of the United States Code, the Immigration Reform and Control Act, 8 U.S.C. §1324a et seq.,

the Occupational Safety and Health Act, 29 U.S.C.A. §651 et seq., the Consolidated Omnibus

Budget Reconciliation Act, 29 U.S.C. §1161 et seq. and the Family and Medical Leave Act,

29 U.S.C. § 2601 et seq., any and all state, local or federal claims, obligations, demands,

actions, rights, causes of action and liabilities for alleged unpaid wages, overtime

compensation, liquidated or other damages, unpaid costs, penalties (including late payment

penalties), premium pay, and interest, including but not limited to any and all claims under the

Texas Labor Code, Tex. Lab. Code §§ 1.001 et. seq. (including but not limited to the Texas

Payday Act, the Texas Anti-Retaliation Act, Chapter 21 of the Texas Labor Code and the

Texas Whistleblower Act), and the Texas Commission on Human Rights Act, Tex. Lab. Code

§ 21.001, et. seq., any contract of employment, express or implied; any provision of the U.S.

or Texas Constitutions; any provision of any other law, common or statutory, of the United

States, the State of Texas or any other state; any and all claims for attorneys' fees, costs and

expenses, and all claims under any other federal, state, or local law, whether arising or emanating

from statute, executive order, rule, regulation, code, common law, or other source, including, but

not limited to, all actions sounding in tort, contract, and equity (including, restitution, unjust

enrichment and *quantum meruit*), and including those claims that were asserted or could have

been asserted in this Action or in the Complaint, any claims that monies received from this

Agreement are compensation for purposes and retirement or other employee benefit plans of

Defendant, and all claims relating to, arising out of, or in any way connected with the Plaintiff's former employment with Defendant, and the compensation or benefits payable in connection with that employment; (individually and collectively referred to as "Claims" for the purposes of this Paragraph 4), which Plaintiff had, now has, or he or his heirs, executors and administrators hereafter may have, whether known or unknown, against each or any of the Releasees, from the beginning of time to the date of this Agreement. Nothing in this Agreement is intended to diminish or enhance any vested benefits that Plaintiff may have under any retirement plan sponsored by Defendant. Expressly excluded from these General Release provisions are claims or rights under applicable Texas workers' compensation laws, and claims arising out of the enforcement of this Agreement.

5.     **No Pending Claims Against Defendant; Covenant Not to Sue.**     Plaintiff represents and agrees that neither he nor anyone acting on his behalf has filed or in any manner initiated any lawsuit, administrative complaint, grievance or arbitration in any court, administrative agency or other forum in which any claim of any nature, in whole or in part, is asserted against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement. Plaintiff agrees that he will not opt in (and will opt out) of any collective action or class action which may be brought by or on behalf of any other person against Defendant and/or any of the Releasees identified in Paragraph 4 of this Agreement which collective or class action relates in any manner to events occurring prior to the Effective Date of this Agreement and/or which are based, in whole or in part, upon claims or causes of action which are the subject of the General Release of claims set forth in Paragraph 4 of this Agreement. If any administrative agency proceeding is initiated against Defendant by Plaintiff, Plaintiff will defend, indemnify and hold Defendant, and each of the Releasees identified in Paragraph 4 of

7

this Agreement, harmless from any and all damages, costs and attorneys' fees incurred by, or assessed against, Defendant and Releasees which are attributable to, or are the result of, claims or recoveries on Plaintiff's behalf.  Plaintiff agrees not to institute any lawsuit, and not to assert any claims, charges or other legal proceedings against Defendant or the Releasees identified in Paragraph 4 of this Agreement, in any court, administrative agency or other forum, based upon any act, event or omission, whether known or unknown, occurring prior to the Effective Date of this Agreement.  Nothing in this Agreement shall prohibit or interfere with Plaintiff's right to bring any action to enforce the terms of this Agreement or to file a Charge, cooperate or participate in an investigation or proceeding conducted by the Equal Employment Opportunity Commission, or other federal or state regulatory or law enforcement agency.  Plaintiff will not be entitled to recover and he agrees to waive any monetary benefits or recovery against Defendant in connection with any such claim, charge or proceeding of any kind without regard to which entity or person has brought such claim charge or proceeding.

6.    **Review and Revocation Periods.**    Plaintiff has 21 days from receipt of an unsigned version of this Agreement in which to decide whether to sign the Agreement.  If Plaintiff signs this Agreement during this twenty-one (21) day period, he will be explicitly waiving his twenty-one (21) day waiting period.  By signing below, Plaintiff acknowledges and represents that he has reviewed the terms of this Agreement, has had the opportunity to confer with counsel, or any other advisors of their own choosing and unrelated to Defendant regarding the terms of the Agreement, and has had the opportunity to consider their advice with respect to the foregoing and following, have done so, and are waiving their right to the full 21-day review period by signing sooner in order to receive the Settlement Payment sooner.  Plaintiff, effective as of the Effective Date, enters into this Agreement freely, knowingly, voluntarily, without duress,

coercion, or undue influence, and with a full understanding of its terms, and acknowledge that he is fully competent to enter into this Agreement.  Plaintiff may revoke this Agreement after signing it, by delivering written notice of revocation to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, 494 Broad Street, Newark, New Jersey 07102.  To be effective, such notice of revocation must be mailed by Plaintiff to counsel for Defendant at the address above, by no later than seven calendar days after the date of the Effective Date (the "Seven-Day Revocation Period"); to be effective, if Plaintiff intends to exercise his right to revoke, he must also fax such notice to counsel for Defendant, Patrick W. McGovern, Esq., Genova Burns LLC, at: (973) 533-1112 within the Seven-Day Revocation Period.  Upon effective revocation by the Plaintiff, at the sole option of Defendant, this Agreement shall be null and void in its entirety.  Immediately upon the expiration of the Seven-Day Revocation Period, absent an effective revocation by the Plaintiff, this Agreement shall be effective and irrevocable.

7.    **No Representations or Warranties Regarding Taxes.** Defendant makes no representations or warranties regarding any tax issues relating to the payments provided for in Paragraph 1 above, and Plaintiff acknowledges that he has not relied upon any advice from Defendant or its agents, employees or representatives, concerning the taxability of the amounts to be paid under this Agreement or otherwise.

a.  In the event that taxes are assessed against Hong Vo as a result of the payments made hereunder to Hong Vo and/or his counsel, Hong Vo shall be solely responsible for the payment of such taxes, interest and/or penalties as may be assessed against him for federal, state and local income taxes and unemployment taxes, and agrees to indemnify Defendant, individually, and its subsidiaries, agents, representatives, attorneys, predecessors, successors, heirs, executors, administrators and assigns, for the payment of such taxes, interest and/or penalties as may be assessed against them.

8.    **Medicare Compliance.** Plaintiff warrants that he is not a Medicare beneficiary as of the date of this Agreement and therefore no conditional payments have been

made by Medicare.   Plaintiff will indemnify, defend and hold Defendant and Releasees harmless from any and all claims, liens, Medicare conditional payments and rights to payment, known or unknown. This settlement is based upon a good faith determination of the Parties to resolve a disputed claim.   The Parties have not shifted responsibility of medical treatment to Medicare in contravention of 42 U.S.C. Sec. 1395y(b).   The Parties resolved this matter in compliance with both state and federal law.   The Parties made every effort to adequately protect Medicare's interest and incorporate such into the settlement terms.

9.   **Cooperation to Implement Agreement.** The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.   The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by Order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein, including but not limited to the prompt signing and immediate filing of the Stipulation of Dismissal With Prejudice attached hereto as Exhibit A upon the complete execution of this Agreement, the expiration of the Plaintiff's Seven-Day Revocation Period without any effective notice of revocation to Defendant, the delivery of the payments contemplated by Paragraph 1 of this Agreement, and the complete execution of the Settlement Agreements by the other 12 claimants in this Action and the expiration of their respective Seven-Day Revocation Periods.   In the event that Plaintiff refuses to execute the Agreement, Defendant retains the option of settling with any or all of the other 12 claimants in this Action.

10.   **Governing Law; Exclusive Jurisdiction.** This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas, without regard

to its conflicts of law provisions.  Plaintiff and Defendant further agree that all disputes arising out of or relating to this Agreement or its breach shall be resolved exclusively in the United States District Court for the Southern District of Texas, Houston Division, and hereby submit to the exclusive jurisdiction and venue of the United States District Court for the Southern District of Texas, Houston Division.  Should any provision of this Agreement be declared illegal or unenforceable by a court of competent jurisdiction and cannot be modified to be enforceable, excluding general release of claims language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the General Release of claims language in Paragraph 4 above is found by a court of competent jurisdiction to be unenforceable, Plaintiff and Defendant agree that Defendant may rewrite this Agreement to cure the defect, and Plaintiff and Defendant shall execute the rewritten agreement upon request of either party without any additional monies, benefits and/or compensation in exchange therefor. The Parties hereby stipulate that the United States District Court for the Southern District of Texas, Houston Division shall retain jurisdiction to enforce the terms of the Agreement, or in the event any action is commenced concerning enforcement of the provisions of this Agreement.

11.     **Construction.** The Parties hereto agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Agreement.

12.     **Non-Disclosure and Confidentiality.** Plaintiff agrees not to disclose and shall not disclose the existence or terms of this Agreement to anyone, including without limitation any of the other 12 Plaintiffs or Opt-In Plaintiffs who have asserted claims in this

11

Action, provided, however, that this does not preclude disclosure to Plaintiff's spouse(s), counsel(s), financial advisor(s), or governmental agencies acting within the scope of their investigative authority, as contemplated herein; and will instruct his immediate family, counsel, and financial advisors (if any) to whom he has disclosed or may disclose the terms hereof not to disclose the terms and conditions hereof to anyone except where failure to disclose would constitute a violation of law or contempt of court.  In the event that disclosure is sought by way of a request or demand for a judicial order, Plaintiff shall give Defendant prompt written notice thereof within two business days, and they may resist by all legitimate means any attempt, of any kind whatsoever, to compel disclosure or otherwise breach the confidentiality of the existence or terms of this Agreement. No other disclosure as to the existence or terms of this Agreement may be made without the prior written consent of Defendant.  In response to any inquiries concerning the status of the Action, Plaintiff may state only that "the matter has been resolved."

Plaintiff acknowledges that his agreement to maintain confidentiality as required under this Paragraph constitutes a material inducement for Defendant to provide the consideration described in Paragraph 1 above.  Plaintiff acknowledges that if it is determined by a court of competent jurisdiction that there is a breach of this confidentiality provision by Plaintiff, Defendant may also apply for legal and equitable relief including, but not limited to, the return of the monetary sum or sums paid to the Plaintiff, and all of the other provisions of this Agreement shall remain in full force and effect.

13. **Effect of Breach.** Plaintiff and Defendant further agree that, without limiting Defendant's remedies, any violation or breach of this Agreement by Plaintiff shall immediately

give rise to an action by Defendant for breach of contract, but shall not release Plaintiff from the performance of his obligations pursuant to this Agreement.

14.     **No Publicity; Non-Disparagement.** Plaintiff and Plaintiff's Counsel agree that they shall not issue, author, or make or cause to be issued, to or in any media or third person, including any Internet website, any communication referring directly or indirectly to this Action or the Complaint, the resolution thereof, or the terms and conditions of the resolution of this Action, or any defamatory, critical, or disparaging remarks, comments, or statements about or against Defendant, any of the Releasees,  Defendant's products or services, Defendant's present and former directors, present and former officers, present and former agents, present and former managers, present and former attorneys, present and former employees, present and former representatives, and its and their successors or assigns.  The Parties expressly acknowledge that this non-disparagement clause is a material term of this Agreement, without which the Parties would not enter into this Agreement.  This paragraph is not intended to apply to communications with a federal, state or local government authority pursuant to a lawfully issued subpoena or other valid legal process.

15.     **No Employment Sought.** Plaintiff agrees that the employment relationship with Defendant has been irrevocably severed and Plaintiff hereby agrees not to knowingly seek employment with Defendant, or with any of the Releasees, as defined in this Agreement.  Should Plaintiff breach this covenant, Defendant shall have the absolute right to refuse to employ him in any capacity, without any legal recourse, or he may be terminated without any legal recourse, and waive all rights and claims that may be brought in relation to the termination

16.     **Request for Approval Order.** Within five (5) business days after the execution of Settlement Agreements by the 13 Plaintiffs and Opt-In Plaintiffs in this Action, Counsel for

the 13 Plaintiffs and Counsel for Defendant will jointly file with the Court an Unopposed Motion for Approval of Settlement.  The Parties shall agree upon the form and substance of such motion before it is filed.

17.    **Effect of Disapproval of Settlement.** If the Court declines to enter the Final Approval Order approving all 13 Settlement Agreements, or if the Court enters the Final Approval Order and appellate review is sought and, on such review, the Final Approval Order is reversed, vacated or modified in substance, then all 13 Settlement Agreements shall be void unless all parties to the 13 Agreements, within 10 business days from the date of the mailing of such ruling, provide written notice to the other parties of their intent to proceed with the Settlement.

In the event the Court does not approve this Settlement Agreement or any of the other 12 Settlement Agreements between Defendant and the other 12 Plaintiffs and Opt-In Plaintiffs, the Parties to this Settlement Agreement shall be deemed to have reverted to their respective status as of the date and time immediately prior to execution of this Settlement Agreement. However, the Parties will work together in good faith to redraft the disapproved Settlement Agreement in a manner that will be approved by the Court.  If the Parties are unable to do so, they shall proceed in all respects as if this Settlement Agreement and related order had not been executed.

18.    **No Other Representations or Warranties.** Other than as stated herein, Plaintiff and Defendant warrant that no representations, promises or inducements have been offered or made to induce them to enter into this Agreement, and that they are competent to execute this Agreement and accept full responsibility therefor.  Plaintiff and Defendant acknowledge that they have carefully read, have had the opportunity to seek the advice of

counsel, have received the advice of counsel regarding this Agreement and fully understand all the provisions of this Agreement, and that they have not relied upon any representation or statement, written or oral, not expressly contained herein.

19.    **Binding Effect; No Modification; Entire Agreement.**   This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators, successors and assigns.  The failure of any party to enforce its rights under this Agreement at any time shall not operate or be construed as a waiver of such rights.  This Agreement may not be changed, altered, or modified, except in a writing signed by all Parties hereto.  This Agreement sets forth the entire agreement between the Parties hereto and fully supersedes any and all such agreements or understandings between the Parties hereto pertaining to the subject matter hereof.

20.    **Counterparts.** This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties.  For purposes of this Agreement, facsimile and PDF copies of this Agreement shall be deemed originals.

21.    **Effective Date.**   The Effective Date of this Agreement shall be the first date on which the Court enters an Order approving the terms and conditions of this Agreement and the other 12 Settlement Agreements, and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibit A.

22.    **BY SIGNING THIS AGREEMENT, PLAINTIFF STATES THAT:**
a)    **HE HAS READ THIS AGREEMENT;**
b)    **HE UNDERSTANDS EVERYTHING IN IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS AND THAT HE IS GIVING UP ANY RIGHTS OR CLAIMS IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS OTHERWISE NOT ALREADY ENTITLED;**

15

a)    HE HAS READ THIS AGREEMENT;

b)    HE UNDERSTANDS EVERYTHING IN IT AND KNOWS THAT HE IS GIVING UP IMPORTANT RIGHTS AND THAT HE IS GIVING UP ANY RIGHTS OR CLAIMS IN EXCHANGE FOR CONSIDERATION TO WHICH HE IS OTHERWISE NOT ALREADY ENTITLED;

c)    HE UNDERSTANDS THAT HE IS WAIVING NO RIGHTS OR CLAIMS THAT MAY ARISE AFTER THE DATE THE AGREEMENT IS EXECUTED;

d)    HE AGREES WITH EVERYTHING IN THIS AGREEMENT;

e)    THIS AGREEMENT HAS BEEN NEGOTIATED WITH HIS KNOWLEDGE AND CONSENT;

f)    HE HAS BEEN ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTING THIS AGREEMENT AND HAS IN FACT DONE SO;

g)    HE UNDERSTANDS THAT IS ENTITLED TO A PERIOD OF 21 DAYS WITHIN WHICH TO CONSIDER THIS AGREEMENT AND THAT HE MAY REVOKE THIS AGREEMENT UP TO 7 DAYS AFTER SIGNING IT BY DELIVERING WRITTEN NOTICE OF SUCH REVOCATION TO PATRICK W. MCGOVERN, ESQ., GENOVA BURNS LLC, 494 BROAD STREET, NEWARK, NEW JERSEY 07102; AND

h)    HE HAS SIGNED THIS AGREEMENT KNOWINGLY AND VOLUNTARILY.

PLEASE READ CAREFULLY. THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE IS 17 PAGES OF TYPEWRITTEN TEXT IN LENGTH (INCLUDING THIS PAGE 16 AND THE LAST PAGE COMPRISING EXHIBIT A) AND INCLUDES A RELEASE OF KNOWN AND UNKNOWN CLAIMS.

IN WITNESS WHEREOF, AND INTENDING TO BE LEGALLY BOUND HEREBY, Plaintiff Hong Vo and Defendant AmSpec, L.L.C. f/k/a AmSpec Services, L.L.C. have this date executed the foregoing Confidential Settlement Agreement and General Release.

_____
HONG VO

State of TEXAS:

County of Harris  : ss.

On the 27 day of July, 2016, before me personally came HONG VO, to me known, who, being by me duly sworn, did depose and say that he is the person described in and who executed the foregoing Release.

_____
Notary Public of the State of Texas

Agreed as to Paragraph 14 only:
THE BUENKER LAW FIRM

By: _____
Dated: _____, 2016

AMSPEC, L.L.C.

GISSELLE REYES ANDUEZA
Notary Public, State of Texas
My Commission Expires
August 14, 2017

By:

Dated: July __, 2016

13537675 (3028.006)

11/2/16